NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re ATI Technologies HDCP Litigation | NO. C 06-01303 JW (HRL)<br>**ORDER ON PLAINTIFFS' MOTIONS TO COMPEL DISCOVERY**<br>(Docket No. 68) |

Plaintiffs' putative class action for unfair competition and false advertising alleges that ATI's[1] graphics cards were marketed as compliant with the HDCP standard[2] when they were not. Judge Ware, after denying class certification without prejudice, reopened class certification discovery because defendant thwarted and confounded plaintiffs' previous discovery efforts through certain misrepresentations. Specifically, plaintiffs were allowed to again pursue discovery on whether defendant's activities support applying California law to a nationwide class (*Shutts*) and whether there are material misrepresentations sufficient to infer class reliance (*Vasquez*). *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 821-22 (1985); *Vasquez v. Superior Court,* 4 Cal. 3d 800 (Cal. 1971).

---

[1] Although there are multiple, related defendants, for convenience, they are here referred to for convenience in the singular as "ATI" or "defendant."

[2] High-bandwidth Digital Content Protection (HDCP) is a specification developed to protect digital entertainment. Digital Content Protection, LLC (organization that licenses HDCP technology), http://www.digital-cp.com/home (last visited Feb. 11, 2008).

Dissatisfied with what they see as defendant's skimpy, evasive responses to their renewed discovery, plaintiffs move to compel document responses and answers to interrogatories. The parties worked out their differences on some of the items, and by the time of the hearing the disputed ones had been whittled down to Request for Production (RFP) numbers 35 through 40 and 54 and Interrogatories 5 through 12. The key point of contention between the parties on these remaining items is this: which of defendant's graphics cards are alleged to have been misrepresented as compliant with the HDCP standard? This determination impacts the analysis of (and, ultimately, compliance with) most of the disputed RFPs and Interrogatories.

Defense counsel told this court that, during the time in question, ATI offered about 54 different graphics cards. The plaintiffs do not "accuse" all 54 of being marketed as HDCP compliant. They did identify the Radeon 9800, X550, X1900, X1800, 1300, and 1600. Accordingly, ATI says that, if asked, it would provide reasonable discovery about those particular cards. (Transcript 11:19-24). But, that is not how the plaintiffs defined what they want. They want discovery about each graphics card that the defendant advertised (or marketed or represented) as HDCP "ready" (or "capable" or "compliant"). ATI's opposition to this definition was vigorous and to the point: ATI could not produce discovery under that definition because, during that time, it never advertised ANY graphics card as HDCP Ready. To be forced to turn over discovery in "compliance" with the offered definition would, in effect, amount to an admission that it had offered graphics cards as HDCP Ready when, ATI asserts, it did not. (Indeed, plaintiffs say - and ATI does not yet dispute - that defendant did not have the rights to any HDCP technology at the time.)

This court now undertakes to craft a definition of the "accused" cards that gets plaintiffs the discovery they are entitled to but does not unfairly put ATI into a box or require it to produce information about all 54 cards (unless all 54 turn out to be responsive to the new definition). When pressed by this court at the hearing, defense counsel very cautiously acknowledged that the acronym HDCP did "show up" on some of defendant's web pages "in relation to a card." Other than insisting that this "relation[ship]" was not advertising, he could

not effectively explain what is was. (Transcript 11:34). In any event, this appears to be exactly the kind of information to which plaintiffs are entitled. When this court offered that observation to defense counsel, he said, if that information were produced, plaintiffs "will say it's an ad and defendant will say it's not." That may be so, but the "it" needs to be produced so the trial court can ultimately decide that very question.

Accordingly, for purposes of ruling on this motion, this court discards plaintiffs' terminology ("HDCP Ready Products") with its accompanying definition and substitutes "Accused Cards" to be defined as follows:

> a) Stand alone graphics cards Radeon 9800, X550, X1900, X1800, 1300, and 1600; and
>
> b) Any of ATI's stand alone graphics cards[3] that during the relevant time period on any of defendant's web pages, or in any advertising, promotional, or marketing materials were (1) referenced or mentioned in conjunction with HDCP, or (2) the subject of an expressed or implied associational link or a "relation[ship]" with HDCP.

This court now addresses the disputed discovery items:

a. RFP No. 35 ("State of mind" documents about ATI's decision to market HDCP Ready Products). With the new definition, changed to read: documents about defendant's decisions to reference, mention, or suggest an associational link or relationship with HDCP. GRANTED.

b. RFP No.'s 36 through 39. The parties advised at the hearing that they had come to agreement on what would be produced once the court had decided how to define the accused products. That has been done, and so the motion as to these RFPs is DENIED AS MOOT.

---

[3] "Cards" includes:
(1) individually identified cards, e.g., "Radeon 9800";
(2) groups, categories, classifications, or models of cards, e.g., "the X Series"; and
(3) cards generically, e.g., "ATI's graphics cards".

3

c. RFP 40 (Documents relating to communications between ATI and Digital Content Protection). Defendant argues that only communications to or from DCP and defendant in California are fair game because that is all *Shutts* would require. That may be true, but the request includes communications between ATI and DCP (the organization that owns the HDCP technology), which goes to *Vasquez* and justifies communications beyond California. GRANTED.

d. RFP 54 (E-mails to and from defendant's President, David Orton, referencing HDCP). Defendant opposes any production here as not relevant either to *Shutts* or *Vasquez*. This court disagrees. Apparently, Orton either resided in or spent large blocks of time in California, which fits with *Shutts*. And, it is not unreasonable to find out what the president said or knew about HDCP, which is, after all, what this case is about. The production request goes to the materiality of any misrepresentations. GRANTED.

e. Interrogatory 5 (Identify and describe each HDCP-Ready Product). With the new definition substituted: GRANTED.

f. Interrogatory 6 (What employees performed tasks on the HDCP-Ready Products?). With the new definition, and limited to California employees: GRANTED.

g. Interrogatory 7 (What tasks did these employees perform?). With the new definition, and limited to California employees: GRANTED. However, only identify documents referring or relating to advertising, promotions, or marketing.

h. Interrogatory 8 (Identify any non-employees who worked on HDCP-Ready Products). With the new definition: GRANTED.

4

|   |   |                                                                                              |
|---|---|----------------------------------------------------------------------------------------------|
| i.  | | Interrogatory 9 (Describe tasks done by California employees). Redundant with revised Interrogatory No. 7. DENIED. |
| j.  | | Interrogatory 10 (Identify anyone who had a hand in deciding to represent that any graphics cards were HDCP Ready Products). With the new definition, answer as to anyone involved in referencing, mentioning, linking, or suggesting any kind of a relationship between the Accused Cards and HDCP. GRANTED. |
| k.  | | Interrogatory 11 (What did the persons identified in #10 do on that subject?). GRANTED. |
| l.  | | Interrogatory 12 (Why did ATI advertise products as HDCP ready?). With the new definition, answer as to the decisions to reference, mention, link or suggest any kind of relationship between the Accused Cards and HDCP. GRANTED. |

Defendant shall submit all responsive documents and answer the interrogatories by February 27, 2008.

**IT IS SO ORDERED.**

Dated:  2/12/08

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

THIS SHALL CERTIFY THAT A COPY OF THIS ORDER WILL BE SENT TO:

Alexander E Barnett abarnett@masonlawdc.com

Brett Davis Collins brett.collins@lw.com, christina.vankrugel@lw.com

Charles Ward Cox chuck.cox@lw.com

Alan Himmelfarb Consumerlaw1@earthlink.net

Joshua N. Holian joshua.holian@lw.com

Scott A Kamber skamber@kolaw.com, drubin@kolaw.com

Gary E. Mason gmason@masonlawdc.com, mdicocco@masonlawdc.com, nmigliaccio@masonlawdc.com

David Christopher Parisi dcparisi@msn.com, shavensbeckman@msn.com

Charles H. Samel charles.samel@lw.com, #dclitigationservices@lw.com, david.nichols@lw.com, jennifer.carmassi@lw.com, terry.hele@lw.com

Margaret M. Zwisler margaret.zwisler@lw.com, david.nichols@lw.com, dclitigationservices@lw.com, natesha.smith@lw.com, tracey.watson@lw.com

Jiyoun Chung jiyoun.chung@shearman.com

Jeffrey S. Facter jfacter@shearman.com, jae.ko@shearman.com, rcheatham@shearman.com

Joshua H. Haffner jhh7007@yahoo.com

Suzanne L. Havens Beckman shavensbeckman@msn.com

**Notice has been delivered by other means to:**

B. J. Wade
Glassman Edwards Wade & Wyatt, P. C.
26 N. Second Street
Memphis, TN 38103

\* Counsel are responsible for providing copies of this order to co-counsel.

Dated: 2/12/08

                 /s/ KRO
             Chambers of Magistrate Judge Lloyd