# Exhibit 1

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE ATI TECH. HDCP LITIGATION | ) Case No.: 5:06-CV-01303-JW |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |
| | ) |

## SETTLEMENT AGREEMENT

This Settlement Agreement (hereinafter, "Agreement" or "Settlement Agreement") is made and entered into as of the 30th day of January, 2009, by and between Defendants, as named in the Actions, ATI Technologies, Inc. (now known as ATI Technologies ULC), ATI Technologies Systems Corp., ATI Research Silicon Valley Inc., and ATI Research, Inc. (collectively "ATI" or "Defendants"), and Plaintiff Class Representatives Stanley Batsalkin and Kenny Vargas, both individually and on behalf of the proposed Class (as defined below) in the above-captioned action. This Agreement is intended by the Settling Parties to fully, finally and forever resolve, discharge and settle the Released Claims, upon and subject to the terms and conditions hereof.

## R E C I T A L S

WHEREAS, on February 22, 2006, Keith Orland filed an action captioned *Orland* v. *ATI Technologies Systems Corp. et al* No. 06-cv-01303 ("*Orland* action"), alleging claims for damages and injunctive and declaratory relief arising out of Defendants' advertisement of graphics cards as possessing High-bandwidth Digital Content Protection ("HDCP") attributes that he claimed they did not or could not have possessed; and

WHEREAS, on March 10, 2006, Stanley Batsalkin and Kenny Vargas filed the action entitled *Batsalkin, et al. v. ATI Technologies, Inc.*, Case No. 5:06-cv-01849 ("*Batsalkin* action"), also alleging claims for damages and injunctive relief arising from Defendants' advertising of graphics cards possessing HDCP attributes that they claimed they did not or could not have possessed;

WHEREAS, in an Order entered April 18, 2006, the trial court, the Hon. James Ware presiding, consolidated the *Orland* and *Batsalkin* actions and ordered that the actions bear the caption *In Re ATI Tech. HDCP Litigation*, Case No. 5:06-cv-01303-JW;

2

WHEREAS, on June 21, 2006, an additional related action entitled *Wade v. ATI Technologies, Inc., et al.*, Case No. cv-06-03885 ("*Wade* action"), was transferred to the United States District Court for the Northern District of California and subsequently consolidated with the *In Re ATI Tech. HDCP Litigation*;

WHEREAS, Plaintiffs Stanley Batsalkin and Kenny Vargas, and Keith Orland filed a Consolidated Complaint on June 19, 2006 asserting various claims on behalf of a nationwide class, but Keith Orland and the plaintiff(s) in the *Wade* action are no longer, or never were, proposed class representatives, but remain only individual Class Members;

WHEREAS, Defendants have denied and continue to deny (1) each and all of the claims and allegations of wrongdoing made by the Plaintiffs and Class Members in the Actions and maintain furthermore that they have meritorious defenses; (2) all charges of wrongdoing or liability against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Actions; and (3) the allegations that the Plaintiffs or any Class Member was harmed by any conduct by Defendants alleged in the Actions or otherwise;

WHEREAS, the Settling Parties agree that neither this Agreement nor any statement made in the negotiation thereof shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendants or of the truth of any of the claims or allegations alleged in the Actions;

WHEREAS, arm's length settlement negotiations have taken place between Defendants and Class Plaintiffs' Lead Counsel (as defined below), facilitated by the Hon. Richard Seeborg pursuant to Court-ordered mediation on June 10, 2008, and July 15, 2008, and this Agreement, including its exhibits, which embodies all of the terms and conditions of the settlement between Defendants and Plaintiffs, both individually and on behalf of the Class, has been reached subject

3

LA\1931363.6

to the approval of the Court as provided herein and is intended to supersede any prior agreements between the Settling Parties;

WHEREAS, Class Plaintiffs' Lead Counsel have concluded, after due investigation and after carefully considering the relevant circumstances, including, without limitation, the claims asserted in the Consolidated Complaint, the legal and factual defenses thereto and the applicable law, that it would be in the best interests of the Class to enter into this Agreement in order to avoid the uncertainties of litigation and to assure that the benefits reflected herein are obtained for the Class and, further, that Class Plaintiffs' Lead Counsel consider the settlement set forth herein to be fair, reasonable and adequate and in the best interests of Plaintiffs and all members of the Class; and

WHEREAS, Defendants, despite their belief that they are not liable for the claims asserted against them in the Actions and that they have good defenses thereto, have nevertheless agreed to enter into this Agreement to avoid further expense, inconvenience, and the distraction of burdensome and protracted litigation, and thereby to put to rest this controversy with respect to the Class and avoid the risks inherent in complex litigation.

## AGREEMENT

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Plaintiffs (on behalf of themselves and each Class Member) and Defendants, by and through their respective counsel or attorneys of record, that, subject to the approval of the Court, the Actions and the Released Claims as against Defendants and other Releasees shall be finally and fully settled, compromised and dismissed on the merits and with prejudice, for the combined benefit made available to the Plaintiffs and Class Members of Eleven-Million Five-Hundred

Thousand Dollars ($11,500,000), upon and subject to the terms and conditions of this Agreement, as follows:

## A.   <u>Definitions</u>

1.    As used in this Agreement the following terms have the meanings specified below.  In the event of any inconsistency between any definition set forth below and any definition set forth in any other document related to the settlement set forth in this Agreement, the definition set forth below shall control.

(a)   "*Actions*" means *In Re ATI Tech. HDCP Litigation*, Case No. 5:06-cv-01303-JW, and each of the cases previously consolidated with and/or included therein, including the *Batsalkin* action, the *Orland* action, and the *Wade* action.

(b)   "*Authorized Claimant*" means any Class Member who, in accordance with the terms of this Agreement, is entitled to a distribution from the Gross Settlement Fund pursuant to any Distribution Plan approved by the Court or order of the Court.

(c)   "*Class*" means the settlement class that is defined as all persons who, while residing in the United States, purchased, for their own personal use and not for resale, one or more of the graphics cards listed on Exhibit 1, during the period from January 1, 2003 to March 31, 2006.  Plaintiffs claim that the cards listed on Exhibit 1 were marketed as "HDCP ready," "HDCP compliant," or "HDCP capable," or otherwise conforming to HDCP specifications for the transmission of HDCP content.  Excluded

5

from the Class are the Defendants and their affiliates, and any of their officers, directors, or employees, including current employees of Advanced Micro Devices, Inc.  Also excluded from the Class are any federal, state or local government entity, and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

(d)    "*Class Counsel*" means both (i) Class Plaintiffs' Lead Counsel; and (ii) any attorney or law firm that seeks to receive any portion of the attorneys' fees that may be awarded by the Court in connection with this Settlement.

(e)    "*Class Member*" means a Person who falls within the definition of the Class and has not timely and validly excluded his, her, or itself from the Class in accordance with the procedure to be established by the Court and as explained in the notices that will be disseminated as described below in ¶¶ 4 and 5.

(f)    "*Class Plaintiffs' Lead Counsel*" means:  Scott A. Kamber and Michael J. Aschenbrener of KamberEdelson, LLC; and David C. Parisi and Suzanne Havens Beckman of Parisi & Havens LLP.

(g)    "*Court*" means the United States District Court for the Northern District of California.

(h)    "*Defendants*" means the defendants named in the Actions:    ATI Technologies, Inc. (now known as ATI Technologies ULC), ATI Technologies Systems Corp., ATI Research Silicon Valley Inc., and ATI

6

Research, Inc. *"Counsel for Defendants"* means Margaret M. Zwisler and Charles H. Samel of Latham & Watkins LLP.

(i)　　"*Distribution Plan*" means any plan or formula of allocation of the Gross Settlement Fund, to be approved by the Court upon notice to the Class, whereby the Net Settlement Fund shall in the future be distributed to Authorized Claimants. Defendants shall have no responsibility or liability with respect thereto, except as provided therein. The Settling Parties' proposed Distribution Plan is attached hereto as Exhibit F.

(j)　　"*Effective Date*" means the first date by which all of the events and conditions specified in ¶ 24 of this Agreement have occurred and have been met.

(k)　　"*Escrow Agent*" means the agent jointly designated by Class Plaintiffs' Lead Counsel and Defendants, and any successor agent as provided therein.

(l)　　"*Execution Date*" means the date this Agreement is executed by all parties.

(m)　　"*Final*" means, with respect to any order of court, including, without limitation, the Judgment, that such order represents a final and binding determination of all issues within its scope and is not subject to further review on appeal or otherwise. Without limitation, an order becomes "Final" when: (a) no appeal has been filed and the prescribed time for commencing any appeal has expired; or (b) an appeal has been filed and either (i) the appeal has been dismissed and the prescribed time, if any, for

LA\1931363.6

commencing any further appeal has expired, or (ii) the order has been affirmed in its entirety and the prescribed time, if any, for commencing any further appeal has expired.  For purposes of this paragraph, an "appeal" includes appeals as of right, discretionary appeals, interlocutory appeals, proceedings involving writs of certiorari or mandamus, and any other proceedings of like kind.  Any appeal or other proceeding pertaining solely in respect of an application for attorneys' fees and expenses pursuant to ¶ 20, below, shall not in any way delay or preclude the Judgment from becoming Final.

(n)     "*Gross Settlement Fund*" means the Settlement Amount plus any interest that may accrue.

(o)     "*Judgment*" or "*Final Approval Order and Judgment*" means the final approval order and judgment of dismissal of the Actions with prejudice in the form attached hereto as Exhibit E.

(p)     "*Net Settlement Fund*" means the Gross Settlement Fund, less the payments set forth in ¶ 15(a)-(d), below.

(q)     "*Notice and Claims Administrator*" means Rosenthal & Company LLC, unless agreed otherwise by Plaintiffs and Defendants, subject to approval by the Court, which will oversee the processing of Proof of Claim and Releases and the distribution of the Net Settlement Fund as provided for in a Distribution Plan.

(r)     "*Person(s)*" means an individual, corporation, limited liability corporation, professional corporation, limited liability partnership,

8

partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and any spouses, heirs, predecessors, successors, representatives or assignees of any of the foregoing.

(s) "*Plaintiffs*" means Stanley Batsalkin and Kenny Vargas.

(t) "*Proof of Claim and Release*" or "*Claim Form*" means the form to be provided to Class Members, upon further order(s) of the Court, by which any Class Member may make claims against the Gross Settlement Fund.

(u) "*Released Claims*" means any and all manner of claims, demands, rights, actions, suits, causes of action, whether class, individual or otherwise in nature, fees, costs, penalties, damages whenever incurred, and liabilities of any nature whatsoever, known or unknown (including, but not limited to "Unknown Claims"), suspected or unsuspected, asserted or unasserted, in law or in equity, which Releasors or any of them, whether directly, representatively, derivatively, or in any other capacity, ever had, now have or hereafter can, shall or may have, relating in any way to any conduct prior to the date of this Agreement and arising out of or related in any way to actual or alleged disclosures, statements, representations or misrepresentations, omissions, or acts or failures to act, regarding Defendants' advertisement, labeling, or marketing of the graphics cards listed on Exhibit 1 as "HDCP ready," "HDCP compliant," or "HDCP capable," or otherwise conforming to HDCP specifications for the

9

transmission of HDCP content and purchased in the United States during the period from January 1, 2003 to March 31, 2006, or any conduct alleged in the Actions or that could have been alleged in the Actions, against the Releasees by Releasors.  Notwithstanding the foregoing, the releases provided herein shall not release claims against Defendants for product liability, property damage, or personal injury unrelated to the allegations in the Actions.

(v)   "*Releasees*" means Defendants and their direct and indirect parents, subsidiaries, and affiliates, and their respective present and former officers, directors, employees, managers, members, partners, agents, shareholders (in their capacity as shareholders), attorneys, and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasee.

(w)   "*Releasors*" means the Plaintiffs and each and every Class Member on their own behalf and on behalf of their respective direct and indirect parents, subsidiaries and affiliates, their present and former officers, directors, employees, agents, and legal representatives, and the predecessors, successors, heirs, executors, administrators and assigns of each of the foregoing.  As used in this Paragraph, "affiliates" means entities controlling, controlled by or under common control with a Releasor.

LA\1931363.6

(x)     "*Settlement*" means the settlement of the Released Claims set forth herein.

(y)     "*Settlement Amount*" means the sum of: (a) Four-Million Dollars ($4,000,000) in cash ("*Cash Settlement Payment*"); and (b) only one of the following: (i) up to 55,500 new Radeon® 4650 512MB PCI Express graphics cards, with a value of approximately Seven-Million Five-Hundred Thousand Dollars ($7,500,000), that Defendants deliver to the Notice and Claims Administrator pursuant to the Distribution Plan; or, (ii) up to 71,500 new Radeon® 2400 256MB PCI Express graphics cards, with a value of approximately Seven-Million Five-Hundred Thousand Dollars ($7,500,000), that Defendants deliver to the Notice and Claims Administrator pursuant to the Distribution Plan; or (iii) Three-Million Dollars ($3,000,000) in cash, that Defendants deliver to the Escrow Agent pursuant to the Distribution Plan ("*Graphics Cards In-Kind Settlement Payment*"); and (c) any cash payments to one or more charitable, educational, pro bono legal services, or other not-for-profit organization as Defendants and Plaintiffs shall mutually agree (*"Cy Pres Recipients"*) pursuant to the Distribution Plan ("*Cy Pres Payment*").

(z)     "*Settling Parties*" means, collectively, Defendants and the Plaintiffs (on behalf of themselves and each of the Class Members).

(aa)    "*Unknown Claims*" means any Released Claim that any Plaintiff and/or Class Member does not know or suspect to exist in his, her or its favor at the time of the release of the Releasees that if known by him, her or it, might have affected his, her or its settlement with and release of the

11

Releasees, or might have affected his, her or its decision not to object to this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, the Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived the provisions, rights and benefits of California Civil Code § 1542 (to the extent it applies to the Actions), which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

The Plaintiffs shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, that is similar, comparable or equivalent in effect to California Civil Code § 1542. The Plaintiffs and Class Members may hereafter discover facts in addition to or different from those that any of them now knows or believes to be true with respect to the subject matter of the Released Claims, but each Plaintiff shall expressly have, and upon the Effective Date, each Class Member shall be deemed to have, and by operation of the Judgment shall have fully, finally and forever settled and released any and all Released Claims, known or unknown, suspected or

12

unsuspected, contingent or non-contingent, whether or not concealed or hidden, that now exist or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct that is negligent, reckless, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. The Plaintiffs acknowledge, and the Class Members shall be deemed to have acknowledged, and by operation of the Judgment shall have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement of which this release is a part.

**B.**      **Preliminary Approval Order, Notice Order, and Settlement Hearing**

**2.**      **Reasonable Best Efforts to Effectuate this Settlement.**  The Settling Parties: (a) acknowledge that it is their intent to consummate this Agreement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement the terms and conditions of this Agreement and to exercise their best efforts to accomplish the terms and conditions of this Agreement.

**3.**      **Motion for Preliminary Approva**l.  On February 2, 2009, Class Plaintiffs' Lead Counsel shall submit this Agreement to the Court and shall apply for entry of an order (the "Preliminary Approval Order") substantially in the form and content of Exhibit A attached hereto, requesting, *inter alia*, preliminary approval of the Settlement and for a stay of all proceedings in the Actions against the Releasees until the Court renders a final decision on approval of the Settlement.  The motion shall include (a) the proposed Preliminary Approval

13

Order in the form attached as Exhibit A hereto, (b) the proposed forms of email and mail notice (with Proof of Claim and Release) and publication notice of the Settlement to Class Members substantially in the form of Exhibits B, C and D hereto; and (c) a proposed order and judgment finally approving the Settlement (the "Final Approval Order and Judgment") in the form attached as Exhibit E hereto.

        **4.**    **Notice to Class**.  In the event that the Court preliminarily approves the Settlement, Class Plaintiffs' Lead Counsel shall, in accordance with Rule 23 of the Federal Rules of Civil Procedure and the Court's Preliminary Approval Order, provide those Class Members who have been identified by reasonable means with email notice of the date of the hearing scheduled by the Court to consider the fairness, adequacy and reasonableness of the proposed Settlement (the "Settlement Hearing").  Class Plaintiffs' Lead Counsel will also send notice via first class mail to any Class Members whose email settlement hearing notice is subsequently returned as undeliverable to the extent a mailing address is available for such Class Members. Such notice, in the form of Exhibit B hereto, shall also include the general terms of the Settlement set forth in the Agreement, the general terms of the proposed Distribution Plan and a Court-approved Proof of Claim and Release in the form of Exhibit C hereto, the general terms of the Fee and Expense Application (as defined in ¶ 20 below), and a description of Class Members' rights to exclude themselves from the settlement Class, to object to the Settlement, and/or to appear at the Settlement Hearing.

        **5.**    **Publication**.  Class Plaintiffs' Lead Counsel shall cause to be published a summary notice, which shall be substantially in the form attached as Exhibit D to this Agreement, at least once in the United States editions of the following publications:  3/10th page ad space in *Parade*; 2/5th page ad space in *USA Weekend*; 1/2 page ad space in *Photoshop User*;

14

1/3rd page ad space in each of the following magazines: *GamePro, PC Gamer, Mac World, PC World, Popular Photography & Imaging*, and *Sound & Vision*.  The full text of the notice, which shall be substantially in the form attached as Exhibit B to this Agreement, will also be published on Class Plaintiffs' Lead Counsel's website (www.aticlassaction.com).   Each of these publications will be carried out as soon as is reasonably practicable, but not later than forty-five (45) days after the Court enters the Preliminary Approval Order.  Defendants shall not have any responsibility for providing notice of this Settlement to Class Members.  The Settling Parties shall mutually agree on any other content that will be displayed on Class Plaintiffs' Lead Counsel's website (www.aticlassaction.com), or any notice or promotion of this Settlement not provided for herein.

      **6.**      **Motion for Final Approval and Entry of Final Judgment.**  Not less than ninety (90) days following the entry of the Preliminary Approval Order and at least thirty-five (35) days before the Settlement Hearing, Class Plaintiffs' Lead Counsel shall submit a motion for final approval of the Settlement by the Court, after notice to the Class Members of the Settlement Hearing, pursuant to ¶¶ 4 and 5 above.  If the Court preliminarily approves the Settlement, the parties hereto shall jointly seek entry of the Final Approval Order and Judgment, in substantially the form attached hereto as Exhibits E:

           (a)      certifying the settlement Class, and, fully and finally approving the Settlement contemplated by this Agreement and its terms as being fair, reasonable and adequate within the meaning of Rule 23 of the Federal Rules of Civil Procedure and directing its consummation pursuant to its terms and conditions;

(b)      finding that the notice given to Class Members as contemplated in ¶¶ 4 and 5 above constitutes the best notice practicable under the circumstances and complies in all respects with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

(c)      directing that the Actions be dismissed with prejudice as to Defendants and, except as provided for herein, without costs;

(d)      discharging and releasing the Releasees from all Released Claims;

(e)      permanently barring and enjoining the institution and prosecution, by Plaintiffs and the Class Members, of any other action against the Releasees in any court asserting any Released Claims;

(f)      reserving continuing and exclusive jurisdiction over the Settlement, including all future proceedings concerning the administration, consummation and enforcement of this Agreement;

(g)      determining pursuant to Fed. R. Civ. P. 54(b) that there is no just reason for delay and directing entry of a final judgment as to Defendants; and

(h)      containing such other and further provisions consistent with the terms of this Agreement to which the parties expressly consent in writing.

At the Settlement Hearing, Class Plaintiffs' Lead Counsel also will request that the Court approve their application for attorneys' fees and reimbursement of expenses (as described below).

## C.    Settlement Fund

7.     **Cash Settlement Payment.** ATI shall pay by wire transfer the amount of One-Million Dollars ($1,000,000) to the Escrow Agent pursuant to escrow instructions mutually

16

agreed by Defendants and Plaintiffs within ten (10) calendar days after the Court enters an order granting preliminary approval of the Settlement. ATI shall pay by wire transfer the amount of Three-Million Dollars ($3,000,000) to the Escrow Agent pursuant to escrow instructions mutually agreed by Defendants and Plaintiffs within thirty (30) business days after the Effective Date. The Escrow Agent shall only act in accordance with the mutually agreed escrow instructions. Subject to the terms of this Agreement, such instructions shall provide for (i) payment of notice to the Class and publication, currently estimated to be $447,424.00, upon demand from the Notice and Claims Administrator; (ii) payment of claims administration costs in an amount to be estimated by the Notice and Claims Administrator prior to the application by Class Plaintiffs' Lead Counsel for attorneys fees being filed with the court; and (iii) payment of attorney fees and expenses as may be awarded by the Court.

8. **Graphics Cards In-Kind Settlement Payment and Cy Pres Payment.** ATI shall provide new graphics cards and/or cash amounts to be paid to recipients of Cy Pres Payments, to the extent and as provided for in the Distribution Plan, within one-hundred twenty (120) days after the Effective Date.

9. **Disbursements Prior to Effective Date.** No amount may be disbursed from the Gross Settlement Fund unless and until the Effective Date, except that: (a) reasonable costs of the notice ("Notice and Administrative Costs") described in ¶¶ 4-5 may be paid from the Gross Settlement Fund as they become due; and (b) Taxes and Tax Expenses (as defined in ¶ 12, below) may be paid from the Gross Settlement Fund as they become due.

10. **Refund by Escrow Agent.** If the Settlement as described herein is finally disapproved by any court or it is terminated as provided herein, or the Judgment is overturned on appeal or by writ, the Gross Settlement Fund, including the Settlement Amount and all interest

17

earned on the Settlement Amount while held in escrow, excluding only Notice and Administrative Costs and Taxes and Tax Expenses (as defined in ¶ 12 below), will be refunded, reimbursed, and repaid by the Escrow Agent to Defendants within three (3) business days after receiving notice pursuant to ¶ 28 below.

11.     **No Additional Payments by Defendants.**     Under no circumstances will Defendants be required to pay more or less than the Settlement Amount pursuant to this Agreement, including the Distribution Plan, and the Settlement set forth herein.  For purposes of clarification, the payment of any Fee and Expense Award (as defined in ¶ 21 below), the Notice and Administrative Costs, and any other costs associated with the implementation of this Settlement Agreement, including the Distribution Plan, as reflected in ¶ 15 below, shall be made exclusively from the Settlement Amount.

12.     **Taxes.**     The Settling Parties and the Escrow Agent agree to treat the Gross Settlement Fund as being at all times a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1.  The Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 12, including the "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in such regulations.  It shall be the responsibility of the Escrow Agent to prepare and deliver timely and properly the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(a)     For the purpose of §468B of the Internal Revenue Code of 1986, as amended, and the regulations promulgated thereunder, the "administrator" shall be the Escrow Agent.  The Escrow Agent shall satisfy the

18

administrative requirements imposed by Treas. Reg. §1.468B-2 by, *e.g.*, (i) obtaining a taxpayer identification number, (ii) satisfying any information reporting or withholding requirements imposed on distributions from the Gross Settlement Fund, and (iii) timely and properly filing applicable federal, state and local tax returns necessary or advisable with respect to the Gross Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)) and paying any taxes reported thereon. Such returns (as well as the election described in this ¶ 12) shall be consistent with this ¶ 12 and in all events shall reflect that all Taxes as defined in subparagraph 12(b) below on the income earned by the Gross Settlement Fund shall be paid out of the Gross Settlement Fund as provided in ¶ 15 hereof;

(b)     All (i) taxes (including any estimated taxes, interest or penalties) arising with respect to the income earned by the Gross Settlement Fund, including, without limitation, any taxes or tax detriments that may be imposed upon Defendants or their counsel with respect to any income earned by the Gross Settlement Fund for any period during which the Gross Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income tax purposes (collectively, "Taxes"), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶ 12, including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶

19

12 (collectively, "Tax Expenses"), shall be paid out of the Gross Settlement Fund; in all events neither Defendants nor their counsel shall have any liability or responsibility for the Taxes or the Tax Expenses. With funds from the Gross Settlement Fund, the Escrow Agent shall indemnify and hold harmless Defendants and their counsel for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification). Further, Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Gross Settlement Fund and shall timely be paid by the Escrow Agent out of the Gross Settlement Fund without prior order from the Court and the Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts, including the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(1)(2)); neither Defendants nor their counsel is responsible therefor, nor shall they have any liability therefor.  The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 12.

**13.**     **Releases.**  Upon the Effective Date, the Releasors, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Releasor ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement Fund or Net Settlement Fund,

shall be deemed to have, and by operation of the Judgment shall have fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees and shall have covenanted not to sue the Releasees with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting any such Released Claim against the Releasees.

### D.   Administration and Distribution of Gross Settlement Fund

**14.   Time to Appeal**.  The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether an application for attorneys' fees and expenses has been submitted to the Court or resolved.

**15.   Distribution of Gross Settlement Fund.**  Upon further notice to the Class and appropriate orders of the Court, the Notice and Claims Administrator, subject to such supervision and direction of the Court and/or Class Plaintiffs' Lead Counsel as may be necessary or as circumstances may require, shall administer the claims submitted by Class Members and shall oversee distribution of the Gross Settlement Fund to Authorized Claimants pursuant to the Distribution Plan.  Subject to the terms of this Agreement and any order(s) of the Court, the Gross Settlement Fund shall be applied as follows:

(a)   to pay all costs and expenses reasonably and actually incurred in connection with locating Class Members and providing notice to them pursuant to ¶¶ 4-5 above, in connection with administering and distributing the Net Settlement Fund to Authorized Claimants, and in connection with paying escrow fees and costs, if any;

LA\1931363.6

(b)     to pay all costs and expenses, if any, reasonably and actually incurred in soliciting Class Members' claims and assisting with the filing and processing of such claims;

(c)     to pay the Taxes and Tax Expenses as defined herein;

(d)     to pay any Fee and Expense Award that is allowed by the Court, subject to and in accordance with the provisions of ¶¶ 20-21; and

(e)     to distribute the balance of the "Net Settlement Fund" to Authorized Claimants as allowed by the Agreement, including the Distribution Plan, or order of the Court.

16.    **Distribution of Net Settlement Fund.**  Upon the Effective Date and thereafter, and in accordance with the terms of this Agreement, including the Distribution Plan, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants, subject to and in accordance with the following:

(a)     Each Class Member who claims to be an Authorized Claimant shall be required to submit to the Notice and Claims Administrator a completed Proof of Claim and Release signed under penalty of perjury and supported by such documents as specified in the Proof of Claim and Release;

(b)     Except as otherwise ordered by the Court, each Class Member who fails to submit a Proof of Claim and Release within such period as may be ordered by the Court, or otherwise allowed, shall be forever barred from receiving any payments pursuant to this Agreement and the Settlement set forth herein, but shall in all other respects be subject to and bound by the

22

provisions of this Agreement, the releases contained herein, and the Judgment;

(c)     The Net Settlement Fund shall be distributed to Authorized Claimants and/or Cy Pres Recipients substantially in accordance with a Distribution Plan to be approved by the Court upon such further notice to the Class as may be required.  The Net Settlement Fund shall not be distributed to Authorized Claimants until the Effective Date; and

(d)     All Persons who fall within the definition of the Class who, to the extent permitted under Rule 23 and applicable law, did not timely and validly request to be excluded from the Class shall be subject to and bound by the provisions of this Agreement, the releases contained herein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

**17.     No Liability for Distribution of Settlement Funds.**  Except as provided in the Distribution Plan, neither the Releasees nor their counsel shall have any responsibility for, interest in, or liability whatsoever with respect to the investment or distribution of the Gross Settlement Fund, the Distribution Plan, the determination, administration, or calculation of claims, the payment or withholding of Taxes, the distribution of the Net Settlement Fund, or any losses incurred in connection with any such matters.  The Releasors hereby fully, finally, and forever release, relinquish, and discharge the Releasees and their counsel from any and all such liability.  No Person shall have any claim against Class Counsel or the Notice and Claims

23

Administrator based on the distributions made substantially in accordance with the Agreement and the Settlement contained herein, the Distribution Plan, or further orders of the Court.

        **18.**    **Balance Remaining in Net Settlement Fund.**  If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks or otherwise), Class Plaintiffs' Lead Counsel may reallocate such balance as Cy Pres Payments in an equitable and economic fashion, subject to Defendants' agreement and Court approval.

        **19.**    **Distribution Plan Part of Settlement.**  It is understood and agreed by the Settling Parties that the proposed Distribution Plan is part of this Agreement and is to be considered by the Court as part of the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement. The time to appeal from an approval of the Settlement shall commence upon the Court's entry of the Judgment regardless of whether an application for attorneys' fees and expenses has been submitted to the Court or approved.

        **E.**    **Attorneys' Fees and Reimbursement of Expenses**

        **20.**    **Fee and Expense Application.**  Class Plaintiffs' Lead Counsel may submit an application or applications (the "Fee and Expense Application") for distributions to them from the Gross Settlement Fund, for: (a) an award of attorneys' fees that shall include, *inter alia*, any fees that could have been awarded by the Court pursuant to the order dated September 28, 2007 (Doc. 63); plus (b) reimbursement of expenses incurred in connection with prosecuting the Actions that shall include, *inter alia*, any costs or expenses that could have been awarded by the Court pursuant to the order dated September 28, 2007 (Doc. 63); plus (c) any interest on such attorneys' fees and expenses (until paid) at the same rate and for the same periods as earned by the Gross Settlement Fund, as appropriate, as may be awarded by the Court. Defendants agree

that they will take no position on Class Plaintiffs' Lead Counsel's application for attorneys' fees and reimbursement of reasonable costs and expenses incurred in the prosecution of the Actions.

21. **Payment of Fee and Expense Award.** Any amounts that are awarded by the Court pursuant to ¶ 20, above (the "Fee and Expense Award") shall be paid from the Gross Settlement Fund as provided in ¶ 15, above, and may be made no earlier than the Effective Date.

22. **Award of Fees and Expenses not Part of Settlement.** The procedure for, and the allowance or disallowance by the Court of, the Fee and Expense Application are not part of the Settlement set forth in this Agreement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Agreement. Any order or proceeding relating to the Fee and Expense Application, or any appeal from any Fee and Expense Award or any other order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel this Agreement, or affect or delay the finality of the Judgment and the Settlement of the Actions as set forth herein. No order of the Court or modification or reversal on appeal of any order of the Court concerning any Fee and Expense Award shall constitute grounds for cancellation or termination of this Agreement.

23. **No Liability for Fees and Expenses of Class Counsel.** The Releasees shall have no responsibility for, and no liability whatsoever with respect to, any payment(s) to Class Counsel pursuant to ¶¶ 20-21 above, and/or to any other Person who may assert some claim thereto, or any Fee and Expense Award that the Court may make in the Actions.

F. **Conditions of Settlement, Effect of Disapproval, Cancellation or Termination**

24. **Effective Date**. The Effective Date of this Agreement shall be conditioned on the occurrence of all of the following events:

25

(a) Defendants no longer have any right under ¶¶ 27 and 28, below, to terminate this Agreement or, if Defendants do have such right, they have given written notice to Class Plaintiffs' Lead Counsel that they will not exercise such right;

(b) the Court has finally approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and has entered the Judgment; and

(c) the Judgment has become Final.

**25.**  **Occurrence of Effective Date**. Upon the occurrence of all of the events referenced in ¶ 24, above, any and all remaining interest or right of Defendants in or to the Gross Settlement Fund, if any, shall be absolutely and forever extinguished, and the Gross Settlement Fund (less any Notice and Administrative Costs, Taxes or Tax Expenses or any Fee and Expense Award paid) shall be transferred from the Escrow Agent to the Notice and Claims Administrator as successor Escrow Agent within 10 days after the Effective Date.

**26.**  **Failure of Effective Date to Occur**. If all of the conditions specified in ¶ 24 are not met, then this Agreement shall be cancelled and terminated, subject to and in accordance with ¶ 28, below, unless the Settling Parties mutually agree in writing to proceed with this Agreement.

**27.**  **Failure to Enter Proposed Preliminary Approval Order or Final Approval Order and Judgment**. If the Court does not enter the Preliminary Approval Order, substantially in the form of Exhibit A hereto, the Final Approval Order and Judgment, substantially in the form of Exhibit E hereto, or if the Court enters the Final Approval Order and Judgment and appellate review is sought and, on such review, the Final Approval Order and Judgment is finally

LA\1931363.6

vacated, modified, or reversed, then this Agreement and the Settlement incorporated therein shall be cancelled and terminated, unless all parties who are adversely affected thereby, in their sole discretion within thirty (30) days from the date of the mailing of such ruling to such parties, provide written notice to all other parties hereto of their intent to proceed with the Settlement under the terms of the Preliminary Approval Order or the Final Approval Order and Judgment as modified by the Court or on appeal.  Such notice may be provided on behalf of Plaintiffs and the Class Members by Class Plaintiffs' Lead Counsel.  No Settling Party shall have any obligation whatsoever to proceed under any terms other than substantially in the form provided and agreed to herein; provided, however, that no order of the Court concerning any Fee and Expense Application, or any modification or reversal on appeal of such order, shall constitute grounds for cancellation or termination of this Agreement by any Settling Party.  Without limiting the foregoing, Defendants shall have, in their sole and absolute discretion, the option to terminate the Settlement in its entirety in the event that the Judgment, upon becoming Final, does not provide for the dismissal with prejudice of all of the Actions against them.

28.    **Termination**.  Unless otherwise ordered by the Court, in the event that the Effective Date does not occur or this Agreement should terminate, or be cancelled, or otherwise fail to become effective for any reason, including, without limitation, in the event that the Settlement as described herein is not finally approved by the Court or the Judgment is reversed or vacated following any appeal taken therefrom, then:

(a)    within three (3) business days after written notification of such event is sent by Counsel for Defendants to the Escrow Agent, the Gross Settlement Fund, including the Settlement Amount and all interest earned on the Settlement Fund while held in escrow and all payments disbursed,

27

including all expenses, costs, excluding only Notice and Administrative Costs that have either been properly disbursed or are due and owing pursuant to ¶¶ 4-5, and Taxes and Tax Expenses that have been paid or that have accrued and will be payable at some later date, will be refunded, reimbursed, and repaid by the Escrow Agent to Defendants; if said amount or any portion thereof is not returned within such five (5) day period, then interest shall accrue thereon at the rate of ten (10) percent per annum until the date that said amount is returned;

(b)     the Escrow Agent or its designee shall apply for any tax refund owed to the Gross Settlement Fund and pay the proceeds to Defendants after deduction of any fees or expenses reasonably incurred in connection with such application(s) for refund, pursuant to such written request;

(c)     the Settling Parties shall be restored to their respective positions in the Actions as of the Execution Date, with all of their respective claims and defenses, preserved as they existed on that date;

(d)     the terms and provisions of this Agreement, with the exception of ¶¶ 1, 9-10, 12, 17, 21, 24, 26-28, 30, 32, 34, 35-43 (which shall continue in full force and effect), shall be null and void and shall have no further force or effect with respect to the Settling Parties, and neither the existence nor the terms of this Agreement (nor any negotiations preceding this Agreement nor any acts performed pursuant to, or in furtherance of, this Agreement) shall be used in the Actions or in any other action or proceeding for any purpose (other than to enforce the terms remaining in effect); and

28

     (e)     any judgment or order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc.*

**G.**    **No Admission of Liability**

**29.**    **Final and Complete Resolution.**  The Settling Parties intend the Settlement as described herein to be a final and complete resolution of all disputes between them with respect to the Actions and to compromise claims that are contested, and it shall not be deemed an admission by any Settling Party as to the merits of any claim or defense or any allegation made in the Actions.

**30.**    **Use of Agreement as Evidence.**  Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:  (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claims, of any allegation made in the Actions, or of any wrongdoing or liability of Defendants; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal.  Neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Releasees may file this Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.  The limitations described in

29

this paragraph apply whether or not the Court enters the Preliminary Approval Order or the Final Approval Order and Judgment.

### H.    Miscellaneous Provisions

**31.    Voluntary Settlement.**  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement as described herein were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

**32.    Consent to Jurisdiction.**  Defendants and each Class Member hereby irrevocably submit to the exclusive jurisdiction of the Court only for the specific purpose of any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement and its Exhibits.  Without limiting the generality of the foregoing, it is hereby agreed that any dispute concerning the provisions of ¶ 13 hereof, including but not limited to any suit, action or proceeding in which the provisions of ¶ 13 hereof, are asserted as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection, constitutes a suit, action or proceeding arising out of or relating to this Agreement and its Exhibits.  In the event that the provisions of ¶ 13 hereof are asserted by any Releasee as a defense in whole or in part to any claim or cause of action or otherwise raised as an objection in any suit, action or proceeding, it is hereby agreed that such Releasee shall be entitled to a stay of that suit, action or proceeding until the Court has entered a final judgment no longer subject to any appeal or review determining any issues relating to the defense or objection based on such provisions.  Solely for purposes of such suit, action or proceeding, to the fullest extent that they may effectively do so under applicable law, the Class Members and Defendants irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not

30

subject to the jurisdiction of the Court or that the Court is in any way an improper venue or an inconvenient forum. Nothing herein shall be construed as a submission to jurisdiction for any purpose other than any suit, action, proceeding or dispute arising out of or relating to this Agreement or the applicability of this Agreement and its Exhibits.

33. **Resolution of Disputes; Retention of Exclusive Jurisdiction**. Any disputes between or among Defendants and any Class Member or Members (or their counsel) concerning matters contained in this Agreement shall, if they cannot be resolved by negotiation and agreement, be submitted to the Court. The Court shall retain exclusive jurisdiction over the implementation and enforcement of this Agreement.

34. **Binding Effect**. This Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the parties hereto. Without limiting the generality of the foregoing, each and every covenant and agreement herein by Plaintiffs, Class Plaintiffs' Lead Counsel, and Class Counsel shall be binding upon all Class Members.

35. **Authorization to Enter Settlement Agreement**. The undersigned representatives of Defendants represent that they are fully authorized to enter into and to execute this Agreement on behalf of Defendants. Class Plaintiffs' Lead Counsel, on behalf of Plaintiffs, the Class and Class Counsel, represent that they are, subject to Court approval, expressly authorized to take all action required or permitted to be taken by or on behalf of the Class pursuant to this Agreement to effectuate its terms and to enter into and execute this Agreement and any modifications or amendments to the Agreement on behalf of the Class that they deem appropriate.

36. **Notices**. All notices under this Agreement shall be in writing. Each such notice shall be given either by (a) e-mail; (b) hand delivery; (c) registered or certified mail, return

31

receipt requested, postage pre-paid; (d) Federal Express or similar overnight courier; or (e) facsimile and first class mail, postage pre-paid and, if directed to any Class Member, shall be addressed to Class Plaintiffs' Lead Counsel at their addresses set forth on the signature pages hereof, and if directed to Defendants, shall be addressed to their attorneys at the addresses set forth on the signature pages hereof or such other addresses as Class Plaintiffs' Lead Counsel or Defendants may designate, from time to time, by giving notice to all parties hereto in the manner described in this paragraph.

37.    **No Conflict Intended**.  Any inconsistency between this Agreement and the Exhibits attached hereto shall be resolved in favor of this Agreement.  The headings used in this Agreement are intended for the convenience of the reader only and shall not affect the meaning or interpretation of this Agreement.

38.    **No Party Deemed to Be the Drafter**.  None of the parties hereto shall be deemed to be the drafter of this Agreement or any provision hereof for the purpose of any statute, case law or rule of interpretation or construction that would or might cause any provision to be construed against the drafter hereof.

39.    **Choice of Law**.  This Agreement and the Exhibits hereto shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of California, and the rights and obligations of the parties to this Agreement shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of California without giving effect to that State's choice of law principles.

40.    **Amendment; Waiver**.  This Agreement shall not be modified in any respect except by a writing executed by all the parties hereto, and the waiver of any rights conferred hereunder shall be effective only if made by written instrument of the waiving party.  The waiver

32

by any party of any breach of this Agreement shall not be deemed or construed as a waiver of any other breach, whether prior, subsequent or contemporaneous, of this Agreement.

      **41.**    **Execution in Counterparts**.  This Agreement may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  Counsel for the parties to this Agreement shall exchange among themselves original signed counterparts and a complete set of executed counterparts shall be filed with the Court.

      **42.**    **Exhibits Incorporated**.  All of the Exhibits to this Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

      **43.**    **Integrated Agreement**.  This Agreement and the Exhibits attached hereto constitute the entire agreement between the Settling Parties and no representations, warranties or inducements have been made to any party concerning this Agreement or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.  It is understood by the Settling Parties that, except for the matters expressly represented herein, the facts or law with respect to which this Agreement is entered into may turn out to be other than or different from the facts now known to each party or believed by such party to be true; each party therefore expressly assumes the risk of the facts or law turning out to be so different, and agrees that this Agreement shall be in all respects effective and not subject to termination by reason of any such different facts or law.  Except as otherwise provided herein, each party shall bear its own costs and attorneys' fees.

      **44.**    **Return or Destruction of Confidential Materials.**  Within sixty (60) days after the Effective Date, the Settling Parties agree to comply with paragraph 11 of the Stipulated Protective Order entered in this Action.

33

**45.     Confidentiality**.  The Settling Parties and their counsel shall keep confidential the terms of this Settlement Agreement until such time as they mutually agree on the content and timing of a joint press release announcing the Settlement, or until Plaintiffs file a motion for preliminary approval of the Settlement pursuant to ¶ 3 above, whichever is sooner. Notwithstanding the foregoing, prior to the time that such press release is issued or Plaintiffs file a motion for preliminary approval of the Settlement pursuant to ¶ 3 above, whichever is sooner, the Settling Parties and their counsel may disclose the fact of such settlement, and Defendants may disclose the terms of this Settlement Agreement to their accountants, financial, tax and legal advisors and such other Persons as required to comply with any obligations or requirements that may exist under applicable federal and state tax or securities laws.

34

02/01/2009 13:53 FAX 2122026364          KAMBER                            ☑002/002

IN WITNESS WHEREOF, the parties hereto, through their fully authorized representatives, have executed this Agreement as of the date first herein above written.

CLASS PLAINTIFFS' LEAD COUNSEL,
on behalf of Plaintiffs individually, on behalf of the Class, and on behalf of Class Counsel

By: _____

Scott A. Kamber
Michael J. Aschenbrener
KAMBEREDELSON, LLC
11 Broadway, 22d Floor
New York, NY 10004
Tel.: (212) 920-3072

David C. Parisi
Suzanne Havens Beckman
PARISI & HAVENS LLP
15233 Valleyheart Drive
Sherman Oaks, CA  91403
Tel.: (818) 990-1299
Fax: (818) 501-7852

DEFENDANTS AS NAMED IN THE ACTIONS ATI TECHNOLOGIES, INC. (NOW KNOWN AS ATI TECHNOLOGIES ULC), ATI TECHNOLOGIES SYSTEMS CORP., ATI RESEARCH SILICON VALLEY INC., AND ATI RESEARCH, INC.

By: _____

Margaret M. Zwisler
LATHAM & WATKINS LLP
555 Eleventh Street, N.W., Suite 1000
Washington, DC  20004
Tel: (202) 637-2200
Fax: (202) 637-2201

35

LA\1931363.6

Charles H. Samel
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, CA  90071
Tel:  (213) 485-1234
Fax:  (213) 891-8763

36

# EXHIBIT 1

**EXHIBIT 1**

All graphics cards from the following series built by or for ATI, <u>not</u> by or for another company such as Asus, Diamond, Gigabyte, Palit, Sapphire, or VisionTek:

1. Radeon® 9550

2. Radeon® 9800

3. Radeon® x700

4. Radeon® x800

5. Radeon® x850

6. Radeon® x1300

7. Radeon® x1600

8. Radeon® x1800

9. Radeon® x1900

10. All-in-Wonder® 9800

11. All-in-Wonder® 2006

12. All-in-Wonder® x600

13. All-in-Wonder® x800

14. All-in-Wonder® x1800

15. All-in-Wonder® x1900

16. All FireGL® series of graphics cards

17. All FireMV® series of graphics cards

# EXHIBIT A

1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9         NORTHERN DISTRICT OF CALIFORNIA

10              SAN JOSE DIVISION

11

12

| | |
|---|---|
| IN RE ATI TECH. HDCP LITIGATION | Case No.  5:06-CV-01303-JW |
| | **[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT** |
| This Document Relates to: | |
| ALL ACTIONS | Hon. James Ware |
| | Courtroom 8, 4th Floor |

18

19         Upon review and consideration of the Settlement Agreement dated as of January 30, 2009

20  ("Agreement"), by and between Defendants ATI Technologies, Inc. (now known as ATI

21  Technologies ULC), ATI Technologies Systems Corp., ATI Research Silicon Valley Inc., and

22  ATI Research, Inc. (collectively "ATI" or "Defendants"), and Plaintiff Class Representatives

23  Stanley Batsalkin and Kenny Vargas, both individually and on behalf of the Class (as defined

24  below) in the above-captioned class action, and the exhibits attached thereto, it is hereby

25  **ORDERED** as follows:

26
27
28

1

LA\1931348.3

1.    As used in this Preliminary Approval Order the capitalized terms not otherwise defined herein have the meanings set forth in the Agreement.

### PRELIMINARY APPROVAL OF A SETTLEMENT CLASS

2.    Solely for purposes of the Agreement and the Settlement, the Court now finds and concludes that the requirements of Rule 23 of the Federal Rules of Civil Procedure are satisfied and hereby certifies a settlement class pursuant to Rule 23(b)(3) in accordance with the following definition set forth in the Agreement: the "Class" is defined as all persons who, while residing in the United States, purchased, for their own personal use and not for resale, one or more of the graphics cards listed on Exhibit 1, during the period from  January 1, 2003 to March 31, 2006. Plaintiffs claim that the cards listed on Exhibit 1 cards were marketed as "HDCP ready," "HDCP compliant," or "HDCP capable," or otherwise conforming to HDCP specifications for the transmission of HDCP content.  Excluded from the Class are the Defendants and their affiliates, and any of their officers, directors, or employees.  Also excluded from the Class are any federal, state or local government entity, and any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs.

3.    Solely for purposes of the Agreement and the Settlement, the Court finds that:  (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims or defenses of the Plaintiffs are typical of the claims or defenses of the Class; and (d) the Plaintiffs will fairly and adequately protect the interests of the Class and are hereby appointed as the class representatives pursuant to Rule 23 of the Federal Rules of Civil Procedure.  The Court also finds that, solely for purposes of the Agreement and the Settlement, the questions of law or fact common to Class Members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.

4.      The certification of the Class shall be binding only with respect to the Settlement of the Actions and only if the Judgment contemplated by the Agreement becomes Final and the Effective Date occurs.  If, for any reason, the Agreement is terminated, or the Effective Date for any reason does not occur, the certification of the Class shall automatically be vacated, *nunc pro tunc*.  In such case, neither the Agreement nor any order of this Court certifying the Class will be binding on any of the Settling Parties, the Actions shall proceed as though the Class had never been certified, and Defendants may oppose and assert all objections to certification of any class or subclass sought by any party to the Actions.

## PRELIMINARY APPROVAL OF SETTLEMENT

5.      The Court preliminarily approves the Agreement, including the releases and Distribution Plan contained therein, and preliminarily approves the Settlement as being fair, reasonable, and adequate to the Class.

6.      The Court approves, as to form and content, the Notice of Proposed Settlement and Settlement Hearing ("Notice") and Proof of Claim Form ("Claim Form") annexed hereto as Exhibits 1 and 2.  Within twenty (20) days after the date of the entry of this Order, Class Plaintiffs' Lead Counsel shall cause copies of the Notice and Claim Form to be emailed to the list of potential Class Members that is readily available in electronic form from Defendants' database of online purchases and that Defendants shall provide to the Notice and Claims Administrator in these Actions.  Class Plaintiffs' Lead Counsel will also send the Notice and Claim Form via first class mail to such Persons whose email notice is returned as undeliverable to the extent a mailing address is available for such Persons from the list that Defendants shall provide to the Notice and Claims Administrator.  If any Notice sent by first class mail is returned as undeliverable, the address for that Person will be "skip traced" using the National Change of Address registry and similar tools.  The Notice and Claim Form will be resent if a current address can be found.  The

3

LA\1931348.3

Notice and Claim Form shall also be published on the Notice and Claim Administrator's website at www.aticlassaction.com.

7.      The Court approves, as to form and content, the Summary Notice annexed hereto as Exhibit 3 (the "Summary Notice").  Class Plaintiffs' Lead Counsel shall cause to be published the Summary Notice at least once in the United States editions of the following publications: 3/10th page ad space in *Parade*; 2/5th page ad space in *USA Weekend*; 1/2 page ad space in *Photoshop User*; 1/3rd page ad space in each of the following magazines: *GamePro*, *PC Gamer*, *Mac World*, *PC World*, *Popular Photography & Imaging*, and *Sound & Vision*.  All of these publications will be carried out as soon after the date of this Order as is reasonably practicable, but no later than forty-five (45) days after entry of this Order.

8.      Prior to the Settlement Hearing, Class Plaintiffs' Lead Counsel shall serve and file a sworn statement attesting to compliance with the provisions of paragraphs 6 and 7 of this Order.

9.      The Court finds that the mailing, publication, and distribution of the Notice, Proof of Claim and Summary Notice substantially in the manner and form set forth herein constitutes the best notice practicable under the circumstances, including individual notice to all Class Members who can be identified through reasonable effort, and constitutes valid, due, and sufficient notice to all Persons entitled thereto, complying fully with the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

10.     All reasonable costs and expenses incurred in identifying and providing notice to Class Members and in administering the Gross Settlement Fund shall be paid as set forth in the Agreement.

4

LA\1931348.3

**THE RIGHT TO OPT OUT**

11.     Class Members who wish to exclude themselves from the Class must do so in accordance with the instructions contained in the Notice by _____ **[21 days before the Settlement Hearing]**.

12.     Unless otherwise ordered by the Court, all Persons who fall within the definition of the Class and who do not timely and validly request to be excluded from the Class in accordance with the instructions set forth in the Notice and the Summary Notice shall be subject to and bound by the provisions of the Agreement, the releases contained therein, and the Judgment with respect to all Released Claims, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim and Release or any similar document, any distribution from the Gross Settlement Fund or the Net Settlement Fund.

**FEE AND EXPENSE PETITION AND MOTION FOR FINAL
APPROVAL AND APPROVAL OF PROPOSED DISTRIBUTION PLAN**

13.     No later than _____, 2009 **[35 days before the Settlement Hearing]**, Class Plaintiffs' Lead Counsel shall file their motion for final approval of the Settlement, including the Distribution Plan.  No later than _____, 2009 **[14 days prior to the Settlement Hearing]**, Class Lead Counsel shall file any application for attorneys' fees and expenses as provided in the Agreement.

**THE SETTLEMENT HEARING**

14.     A hearing on final settlement approval (the "Settlement Hearing") is hereby scheduled to be held before the undersigned on _____, 2009 **[135 days after entry of the Preliminary Approval Order]** at __ _.m. in Courtroom 8, 4th Floor, United States District Court for the Northern District of California, San Jose Division, 280 South 1st Street, San Jose, CA 95113, to consider: (a) the fairness, reasonableness and adequacy of the proposed Settlement, including the Distribution Plan; (b) the dismissal of the Actions with prejudice as to Defendants

5

LA\1931348.3

and the entry of final Judgment in the Actions; and (c) whether an award of attorneys' fees, costs and expenses should be made to Class Counsel.

15. Any Class Member may appear at the Settlement Hearing in person or by counsel and may be heard, to the extent allowed by the Court, either in support of or in opposition to the fairness, reasonableness and adequacy of the proposed settlement and the dismissal of the Actions with prejudice as to Defendants and the entry of Judgment; provided, however, that no person shall be heard in opposition to such settlement, dismissal and/or entry of Judgment, and no papers or briefs submitted by or on behalf of any such person shall be accepted or considered by the Court, unless on or before _____, 2009 **[21 days before the Settlement Hearing]**, such person: (a) files with the Clerk of the Court a notice of such person's intention to appear as well as a statement that indicates the basis for such person's opposition to the proposed settlement, the dismissal of claims and/or the entry of Judgment and any documentation in support of such opposition; and (b) serves copies of such notice, statement and documentation, as well as any other papers or briefs that such person files with the Court, either in person or by mail, upon the following counsel:

Scott A. Kamber                          Margaret M. Zwisler
KAMBEREDELSON, LLC                       Latham & Watkins LLP
11 Broadway, 22d Floor                   555 Eleventh Street, N.W., Suite 1100
New York, NY 10004                       Washington, D.C. 20004

David C. Parisi                          Charles H. Samel
PARISI & HAVENS LLP                      Latham & Watkins LLP
15233 Valleyheart Drive                  355 South Grand Avenue
Sherman Oaks, CA 91403                   Los Angeles, CA 90071-1560

Class Plaintiffs' Lead Counsel           Counsel for Defendants

16. Unless otherwise ordered by the Court, any Class Member who does not make his, her, or its objection in the manner provided for herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the foregoing matters.

Responses to any objection or opposition to the proposed settlement shall be filed no later than

_____, 2009 **[7 days before the Settlement Hearing]**.

17.     The date and time of the Settlement Hearing shall be set forth in the Notice and Summary Notice but shall be subject to adjournment by the Court without further notice to Class Members other than that which may be posted at the Court or on the Court's website at www.cand.uscourts.gov.  The Court further reserves the right to enter the Judgment, *inter alia*, dismissing the Actions with prejudice as to Defendants as provided for by the Agreement at or after the Settlement Hearing and without further notice to the Class.

## OTHER PROVISIONS

18.     Any portion of the Settlement Amount and any accrued interest thereon held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement, further notice to the Class and/or further order(s) of the Court.

19.     Except as otherwise provided in the Agreement, no Person other than a Class Member or Class Counsel shall have any rights to any portion of the Gross Settlement Fund.

20.     Upon the Effective Date, the Plaintiffs and each Class Member who does not timely and validly request exclusion, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Gross Settlement Fund, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees and shall have covenanted not to sue the Releasees with respect to all such Released

7

LA\1931348.3

Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against Releasees.

21.     Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any Released Claim, of any allegation made in the Actions, or of any wrongdoing or liability of the Releasees; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any liability, fault or omission of the Releasees in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal.  Neither the Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement, and except that the Releasees may file the Agreement and/or the Judgment in any action for any purpose, including, but not limited to, in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

22.     If for any reason the Settlement does not become effective in accordance with the terms of the Agreement, this Preliminary Approval Order shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the provisions of ¶28 of the Agreement shall apply.

23.     The Court retains exclusive jurisdiction over all proceedings arising out of or related to the Agreement and/or the Settlement.

24.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Preliminary Approval Order or the Agreement.

1
2
3
4
5
6
7
8

25.    Pending final determination as to whether the Settlement as set forth in the Agreement should be approved, no Class Member who has not timely and validly requested exclusion shall commence, prosecute, pursue, or litigate any Released Claim against the Releasees, whether directly, representatively, or in any other capacity, and regardless of whether or not any such Class Member has appeared in the Actions.  All proceedings in the Actions against the Defendants are hereby stayed until such time as the Court renders a final decision regarding the approval of the Settlement, and the Court enters judgment or directs otherwise.

9

**IT IS SO ORDERED.**

10
11
12

DATED: _____, 2009

13
14
15
16

_____
Hon. James Ware
United States District Court Judge

17
18
19
20
21
22
23
24
25
26
27
28

LA\1931348.3

# EXHIBIT B

# If you purchased an ATI graphics card, you may be entitled to benefits under a proposed class action settlement.

- You may be affected by a proposed settlement of a class action lawsuit if you purchased an ATI graphics card (that means a card built by or for ATI, <u>not</u> by or for another company such as Asus, Diamond, Gigabyte, Palit, Sapphire, or VisionTek) from one of the following series: Radeon® 9550; Radeon® 9800; Radeon® x700; Radeon® x800; Radeon® x850; Radeon® x1300; Radeon® x1600; Radeon® x1800; Radeon® x1900; All-in-Wonder® 9800; All-in-Wonder® 2006; All-in-Wonder® x600; All-in-Wonder® x800; All-in-Wonder® x1800; All-in-Wonder® x1900; or any FireGL® or FireMV® series of graphics cards.

- You are a potential settlement class member if, while residing in the United States, you purchased for your own personal use and not for resale a graphics card from one of the series listed above. You must have made your purchase during the period from January 1, 2003 to March 31, 2006.

- Depending on the number of authorized claims, you may be eligible to receive a new ATI graphics card. If 55,500 or fewer authorized claims are submitted, each authorized claimant will receive one Radeon® 4650 512MB PCI express graphics card for each authorized claim her or she submits. If greater than 55,500, but less than 71,501, authorized claims are submitted, each authorized claimant will receive one Radeon® 2400 256MB PCI express graphics card for each authorized claim her or she submits. If greater than 71,500 authorized claims are submitted, each authorized claimant will receive a cash payment in the amount of his or her pro rata share of three million dollars ($3,000,000). Question 9 contains further information on what you may receive in this settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM | The only way to receive anything as part of this settlement. |
| OPT OUT | If you select this option, you will not be allowed to participate in the settlement. You may be allowed to sue ATI at some later date about the legal claims in this case. |
| OBJECT | Write to the Court or ask to speak in Court about why you don't like the settlement. |
| DO NOTHING | If you do nothing, you will still be bound by the terms of the proposed settlement. Unless you submit a claim by the claim deadline, however, you will not receive a new ATI graphics card or cash. |

- This notice – which the Court authorized – more fully explains your rights and options and the deadlines to exercise them. You also may obtain more information on the proposed settlement and a copy of the Settlement Agreement by calling 1-XXX-XXX-XXXX or going to www.aticlassaction.com.

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

**WHAT THIS NOTICE CONTAINS**

*Please read this entire notice completely as it affects your legal rights.*

**BASIC INFORMATION** ......................................................... PAGE 4

1. Why did I get this notice package?

2. What is this lawsuit about?

3. Why is this a class action?

4. Why is there a settlement?

**WHO IS IN THE SETTLEMENT** ....................................... PAGE 5

5. How do I know if I am a class member?

6. Are there exceptions to being included?

7. I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ...................... PAGE 5

8. What does the settlement provide?

9. What happens if there are more than 71,500 authorized claims?

**HOW YOU SUBMIT A CLAIM FORM** ................................. PAGE 6

10. How do I submit a claim?

11. When would I get my new ATI graphics card or cash payment?

12. What am I giving up to participate in the proposed settlement?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................. PAGE 6

13. How do I opt out of the settlement class?

14. If I remain in the class, can I sue ATI for the same thing later?

15. If I opt out, can I still get a new ATI graphics card?

**THE LAWYERS REPRESENTING YOU** ............................. PAGE 7

16. Do I have a lawyer in the case?

17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT** ............................... PAGE 8

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

LA\1931349.5

18.   How do I tell the Court that I don't like the settlement?

19.   What's the difference between objecting to the proposed settlement and opting out?

**THE SETTLEMENT HEARING** ........................................................... PAGE 9

20.   When will the Court decide whether to approve the proposed settlement?

21.   Do I have to come to the hearing?

22.   May I speak at the hearing?

23.   What happens if I do nothing at all?

**GETTING MORE INFORMATION** ....................................................... PAGE 10

24.   Are there more details about the proposed settlement?

25.   How do I get more information?

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

3

LA\1931349.5

## BASIC INFORMATION

**1. Why did I get this notice package?**

You may be a United States resident who purchased for your own use and not for resale during the period from January 1, 2003 to March 31, 2006 an ATI graphics card (that means a card built by or for ATI, not by or for another company such as Asus, Diamond, Gigabyte, Palit, Sapphire, or VisionTek) from one of the following series: Radeon® 9550; Radeon® 9800; Radeon® x700; Radeon® x800; Radeon® x850; Radeon® x1300; Radeon® x1600; Radeon® x1800; Radeon® x1900; All-in-Wonder® 9800; All-in-Wonder® 2006; All-in-Wonder® x600; All-in-Wonder® x800; All-in-Wonder® x1800; All-in-Wonder® x1900; or any FireGL® or FireMV® series of graphics cards.

The Court in charge of this case is the United States District Court for the Northern District of California, and the case is known as *In re ATI Tech. HDCP Litigation*, Case No. 5:06-CV-01303-JW. The people who sued are called Plaintiffs, and the companies they sued, ATI Technologies, Inc. (now known as ATI Technologies ULC), ATI Technologies Systems Corp, ATI Research Silicon Valley Inc., and ATI Research, Inc. are called the Defendants. Plaintiffs claim that the graphics cards listed above were marketed as "HDCP ready," "HDCP compliant," or "HDCP capable," or otherwise conforming to High-bandwidth Digital Content Protection ("HDCP") specifications for the transmission of HDCP content.

The Court ordered this notice to be sent to you because you have a right to know about a proposed settlement of a class action lawsuit, and about your options, before the Court decides whether to approve the proposed settlement. If the Court approves the proposed settlement, you may be eligible to receive a new ATI graphics card. This package explains the lawsuit, the proposed settlement, your legal rights, what benefits are available, who is eligible to receive them, and how to get them.

**2. What is this lawsuit about?**

The plaintiffs in the lawsuit claim that ATI advertised or marketed the graphics cards listed above as being "HDCP ready," "HDCP compliant," or "HDCP capable," or otherwise conforming to specifications for transmission of HDCP content, an attribute they claim the cards did not or could not have possessed. Defendants deny the allegations and have asserted many defenses. The Court has not made any findings on this issue, and the settlement is not an admission of wrongdoing by any party.

**3. Why is this a class action?**

In a class action, one or more people called class representatives sue on behalf of a larger number of people who they believe have similar claims. Each person who is part of a class is called a class member. A single court resolves the issues for all class members at the same time.

**4. Why is there a settlement?**

The parties agreed to the proposed settlement to avoid the cost and risk of continued litigation. The class representatives and their attorneys think the settlement is in the best interests of the class members.

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

4

LA\1931349.5

## WHO IS IN THE SETTLEMENT

To see if you are eligible to participate in this settlement, you first have to determine whether you are a class member.

### 5. How do I know if I am a class member?

You are a class member if, while residing in the United States, you purchased for your own personal use and not for resale an ATI graphics card (that means a card built by or for ATI, not by or for another company such as Asus, Diamond, Gigabyte, Palit, Sapphire, or VisionTek) from one of the following series: Radeon® 9550; Radeon® 9800; Radeon® x700; Radeon® x800; Radeon® x850; Radeon® x1300; Radeon® x1600; Radeon® x1800; Radeon® x1900; All-in-Wonder® 9800; All-in-Wonder® 2006; All-in-Wonder® x600; All-in-Wonder® x800; All-in-Wonder® x1800; All-in-Wonder® x1900; or any FireGL® or FireMV® series of graphics cards. You must have made your purchase during the period from January 1, 2003 to March 31, 2006.

### 6. Are there exceptions to being included?

The proposed settlement class does *not* include any of the Defendants; any of their officers, directors, or employees; any federal state, or local government entity; or any judge, justice or judicial officer presiding over this matter and the members of their immediate families and judicial staffs. So, in other words, you are *not* a class member if you are a current employee of Advanced Micro Devices, Inc. ("AMD") or ATI Technologies ULC.

### 7. I'm still not sure if I am included.

If you are still not sure whether you are included in the proposed settlement, you can call the toll free settlement telephone number at 1-xxx-xxx-xxxx or visit the settlement website at www.aticlassaction.com for more information.

## THE SETTLEMENT BENEFITS—WHAT YOU GET

### 8. What does the settlement provide?

If 55,500 or fewer authorized claims are submitted, each authorized claimant will receive one Radeon® 4650 512MB PCI express graphics card for each authorized claim they submit. If greater than 55,500, but less than 71,501, authorized claims are submitted, each authorized claimant will receive one Radeon® 2400 256MB PCI express graphics card for each authorized claim her or she submits.

### 9. What happens if there are more than 71,500 authorized claims?

If greater than 71,500 authorized claims are submitted, each authorized claimant will receive a cash payment in the amount of his or her pro rata share of three million dollars ($3,000,000). For example, if the total number of authorized claims is 71,501, each authorized claimant will receive a check in the amount of forty-

5

LA\1931349.5

one dollars and ninety-five cents ($41.95) for each authorized claim he or she submits.  The amount of any potential cash payment thus will vary depending on the number of authorized claims.

## HOW YOU GET A NEW ATI GRAPHICS CARD OR CASH PAYMENT— SUBMITTING A CLAIM

**10. How do I submit a claim?**

A claim form, including instructions on how to submit a claim, is included in the package with this  Notice. You also can get a claim form on the internet at www.aticlassaction.com or by calling 1-XXX-XXX-XXXX.

You must read the instructions carefully, answer the questions and fill out the form as directed in the instructions, include all the documents the form asks for, and sign the claim form under penalty of perjury. You must mail the claim form postmarked on or before _____, 2009.  **If you fail to mail your claim form by the required date, your claim will be rejected, and you will be deemed to have waived all rights to receive any benefits under this settlement.**

Follow all the instructions on the claim form.

**11. When would I get my new ATI graphics card or cash payment?**

The Court will hold a settlement hearing on _____ at ___ .m., to decide whether to approve the settlement.  If the Court approves the settlement, there may be appeals.  The appeal process can take time, perhaps more than a year.  Please be patient.   You should receive your award within 150 days after the resolution of any appeals, or within 150 days after the  Court approves the settlement if there are no appeals.

**12. What am I giving up to participate in the proposed settlement?**

If you remain in the class, you will be eligible to participate in the settlement and receive either a new ATI graphics card or cash as discussed in this Notice.  If you remain in the class, that also means that you can't sue or be part of any other lawsuit against ATI about the legal issues in this case.  It also means that all of the Court's orders will apply to you and legally bind you and you will be deemed to release Defendants and certain other persons and entities from any future claims concerning the issues in this lawsuit.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to be included in the proposed settlement, but you want to keep the right to sue Defendants on your own about the legal issues in this case, then you must take affirmative steps to exclude yourself from the settlement class.  This is sometimes referred to as opting out of the settlement class.

**13. How do I opt out of the settlement class?**

To opt out from the proposed settlement, you must send a letter by either (a) hand delivery; (b) registered or certified mail, return-receipt requested, postage pre-paid; (c) federal express or similar overnight courier; or

6

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

LA\1931349.5

(d) first class mail, postage pre-paid saying that you want to be excluded from *In re ATI Tech. HDCP Litigation*, Case No. 5:06-CV-01303-JW.  Be sure to include your name, address, telephone number, and your signature.  Your request to be excluded from the settlement must be postmarked no later than _____, 2009.  Please mail your letter to:

Scott A. Kamber                    David C. Parisi
KAMBEREDELSON, LLC         Parisi & Havens LLP
11 Broadway, 22d Floor          15233 Valleyheart Drive
New York, NY 10004              Sherman Oaks, CA 91403

You can't exclude yourself by phone.  If you ask to be excluded, you will not participate in the settlement and cannot object to its terms.  You also will not be legally bound by anything that happens in this lawsuit.

**14. If I remain in the case, can I still sue ATI for the same thing?**

No.  If you remain in the case, you will give up any right to sue ATI for the claims that this settlement resolves.  You must exclude yourself from the settlement class to pursue your own lawsuit.  Remember, your exclusion must be postmarked on or before _____, **2009**.

**15. If I opt out from the settlement, can I still get a new ATI graphics card?**

No.  If you opt out from this settlement, please do not send in a claim form as you will not be eligible to participate in the settlement of this dispute.

## THE LAWYERS REPRESENTING YOU

**16. Do I have a lawyer in the case?**

The class is represented in this case by Scott A. Kamber and Michael J. Aschenbrener of KamberEdelson, LLC; and David C. Parisi and Suzanne Havens Beckman of Parisi & Havens LLP.  These lawyers are called class counsel.  You will not be charged for these lawyers.  If you want to be represented by your own lawyer, you may hire one at your own expense.

**17. How will the lawyers be paid?**

Class Counsel will ask the Court to award attorneys' fees and expenses in an amount not to exceed $3,500,000.  These amounts will come from the amounts that ATI has agreed to pay to resolve this dispute. Please see the Settlement Agreement for further information on any attorneys' fees or expense award that may be sought by class counsel.

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

LA\1931349.5

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you don't agree with the settlement or some part of it.

**18. How do I tell the Court that I don't like the settlement?**

If you are a class member, you can object to the proposed settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *In re ATI Tech. HDCP Litigation*, Case No. 5:06-CV-01303-JW. Be sure to include your name, address, telephone number, your signature, and the reasons you object to the settlement. The objection and any supporting papers must be mailed to and *actually received by* all of the following addressees no later than _____, 2009.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of California<br>San Jose Division<br>280 South 1st Street<br>San Jose, CA 95113 | Scott A. Kamber<br>KAMBEREDELSON, LLC<br>11 Broadway, 22d Floor<br>New York, NY 10004<br><br>and<br><br>David C. Parisi<br>Parisi & Havens LLP<br>15233 Valleyheart Drive<br>Sherman Oaks, CA 91403 | Margaret M. Zwisler<br>Latham & Watkins LLP<br>555 Eleventh Street, N.W.<br>Suite 1000<br>Washington, D.C. 20004<br><br>and<br><br>Charles H. Samel<br>Latham & Watkins LLP<br>355 South Grand Avenue<br>Los Angeles, CA 90071 |

**19. What's the difference between objecting to the proposed settlement and opting out?**

Objecting to the proposed settlement is simply telling the Court that you don't like something about the settlement. You can object only if you remain in the Class. Opting out is telling the Court that you don't want to be part of the settlement class. If you exclude yourself, you have no basis to object because the case no longer affects you.

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

8

LA\1931349.5

## THE SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend and you may ask to speak, but you don't have to.

**20. When will the Court decide whether to approve the proposed settlement?**

The Court will hold a Settlement Hearing at _____ .m. on _____, 2009 at the United States District Court for the Northern District of California, San Jose Division, in Courtroom 8 (4th Floor) located at 280 South 1st Street, San Jose, CA 95113. At this hearing the Court will consider whether the settlement, including the proposed distribution plan is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have asked to speak at the hearing. The Court may also consider how much to pay to class counsel. After the hearing, the Court will decide whether to approve the proposed settlement. We do not know how long these decisions will take.

**21. Do I have to come to the hearing?**

No. Class counsel will answer any questions that the Court may have about the proposed settlement. You are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was received on time, the Court will consider it. You may also pay your own lawyer to attend, but it's not necessary. Finally, you may seek to intervene in the action, but you need not do so.

**22. May I speak at the hearing?**

You may ask the Court for permission to speak at the Settlement Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear" in "*In re ATI Tech. HDCP Litigation*, Case No. 5:06-CV-01303-JW." Be sure to include your name, address, telephone number, and your signature. Your Notice of Intention to Appear must be received by all of the individuals listed in question 18 above, no later than _____, **2009**. You cannot speak at the hearing if you have opted out of the settlement class.

## IF YOU DO NOTHING

**23. What happens if I do nothing at all?**

If you do nothing, you will not receive a new ATI graphics card or money from this proposed settlement. But, unless you opt out, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against ATI about the legal issues in this case.

9

Questions? Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

LA\1931349.5

## GETTING MORE INFORMATION

**24. Are there more details about the proposed settlement?**

This Notice summarizes the proposed settlement. More details are contained in a Settlement Agreement. Copies of the Settlement Agreement and the pleadings and other documents relating to the case are on file at the United States District Court for the Northern District of California, San Jose Division, and may be examined and copied at any time during regular office hours at the Office of the Clerk, 280 South 1st Street, San Jose, CA 95113. You may also obtain a copy of the Settlement Agreement from the settlement website at www.aticlassaction.com.

**25. How do I get more information?**

To obtain more information on the proposed settlement, you also can call the toll free settlement number at 1-xxx-xxx-xxxx or visit the settlement website at www.aticlassaction.com. You may also write to Scott A. Kamber, KamberEdelson, LLC, 11 Broadway, 22d Floor, New York, NY 10004 or David C. Parisi, Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, CA 91403.

**Questions about the proposed settlement should not be directed to the Court or its staff.**

10

Questions?  Visit www.aticlassaction.com or call 1-XXX-XXX-XXX

LA\1931349.5

# EXHIBIT C

ATI HDCP Notice and Claims Administrator
P.O. Box ____
<City, State Zip>
**CLAIM FORM**

## A. PERSONAL INFORMATION

Name: _____

Address: _____

City: _____  State: _____  Zip Code: _____

(_____) _____   (_____) _____

Area Code    Daytime Telephone Number         Area Code    Evening Telephone Number

E-mail (optional): _____

**Any settlement award that the Notice and Claims Administrator provides in response to your claim will be mailed to the name and street address you provide. Please print clearly in blue or black ink.**

## B. GRAPHICS CARD CLAIM

1. Are you currently an employee of Advanced Micro Devices, Inc. ("AMD") or any of its subsidiaries, including ATI Technologies ULC?      ☐ Yes      ☐ No

2. Did you buy an ATI graphics card (that means a card built by or for ATI, not by or for another company such as Asus, Diamond, Gigabyte, Palit, Sapphire, or VisionTek) for your own personal use and not for resale during the period from January 1, 2003 to March 31, 2006?      ☐ Yes      ☐ No
   If your answer is "Yes," please complete the information below:

   _____   _____   _____
   Date of purchase     Which specific card did you purchase?   From where did you purchase this card?

3. Did you purchase the card because you believed it was HDCP ready and planned to use it to display HDCP content?      ☐ Yes      ☐ No

4. Did you ever return that graphics card for a refund, credit, or exchange?      ☐ Yes      ☐ No

► I enclose my proof of purchase for the ATI graphics card for which I am submitting a claim (**check one box below and then enclose a copy of your invoice, receipt, cancelled check, or statement as indicated**):

☐ the invoice or receipt that reflects the purchase of the ATI graphics card
   **or**
☐ a cancelled check that reflects the purchase of the ATI graphics card
   **or**
☐ a credit or debit card statement that identifies the transaction as the purchase of the ATI graphics card. You may cross out, white-out, or otherwise block from view the card number and any other transactions.
   **or**
☐ a check, credit card statement or debit card statement that does not specifically identify the transaction as one for the purchase of the ATI graphics card because it was purchased with other products or services in the same transaction. I declare under penalty of perjury that the transaction reflected on the check or statement includes the purchase of an ATI graphics card. You may cross out, white-out, or otherwise block from view the card number and any other transactions.
   **or**
☐ I purchased the above card online from shop.ati.com and no longer have proof of my purchase.

## C. CERTIFICATION (Please read, date, and sign the statement below)

By signing and dating this form below, I acknowledge that I have read the Settlement Agreement and Class Notice, and understand that upon a Final Judgment being entered in this action, the Release provided therein will be binding on me. I state under penalty of perjury that the information provided above is true and correct to the best of my knowledge and belief. I consent to the jurisdiction of the United States District Court for the Northern District of California to resolve any disputes concerning my claim.

_____        _____
Date                            Signature

**ATI HDCP Class Action Settlement Claim Form**

**INSTRUCTIONS**

**READ THESE INSTRUCTIONS CAREFULLY. IF YOU FAIL TO FOLLOW THESE INSTRUCTIONS, YOU MAY LOSE CERTAIN BENEFITS TO WHICH YOU MIGHT OTHERWISE BE ENTITLED.**

**To receive any of the settlement benefits, you must fill out and return the attached Claim Form ("Claim Form") for each graphics card for which you are making a claim. The Claim Form must be postmarked on or before _____. If you fail to return a valid Claim Form by this deadline, your claim will be rejected and you will lose all rights to these benefits.**

**Unless you request exclusion from the class as explained in the Class Notice, you will be bound by the Settlement Agreement and the Final Judgment even if you do not return the Claim Form.**

**If you have any questions while completing the Claim Form, please contact the Notice and Claims Administrator at 1-___-___-____.**

## I.   WHO IS ELIGIBLE TO MAKE A CLAIM

To be eligible to make a claim for settlement benefits, you must have resided in the United States and purchased an ATI graphics card between January 1, 2003 and March 31, 2006 for your own personal use and not for resale from one of the following series:

| | | |
|---|---|---|
| Radeon® 9550 | Radeon® 9800 | All-in-Wonder® 2006 |
| Radeon® x700 | Radeon® x800 | All-in-Wonder® x600 |
| Radeon® x850 | Radeon® x1300 | All-in-Wonder® x800 |
| Radeon® x1600 | Radeon® x1800 | All-in-Wonder® x1800 |
| Radeon® x1900 | All-in-Wonder® 9800 | All-in-Wonder® x1900 |
| FireGL® | FireMV® | |

If you purchased more than one qualifying ATI graphics card during the relevant period, and wish to make a claim for multiple graphics cards, you must complete a Claim Form for each card that you purchased. You may print multiple copies of this Claim Form, or make photocopies, if necessary.

## II.   HOW TO MAKE A CLAIM

To make a claim, complete and submit this Claim Form, along with any required documentation, in compliance with the instructions below. You have the option of submitting your claim by mail or electronically.

- If you choose to submit your claim by mail, send the original of the signed Claim Form and a copy of any required documentation to ATI HDCP Notice and Claims Administrator, P.O. Box _____, City, State Zip Code. Please keep a copy for your records.

- If you choose to submit your claim electronically, scan the signed Claim Form and any required documentation as a single portable document format (pdf) file and attach that file to an email addressed to _____. Be sure to keep the original Claim Form and documents as a personal record of your Claim Form and proof of purchase. Failure to keep copies of your Claim Form and proof of purchase information may result in denial of your claim if the version electronically submitted is not received or readable.

## III. CLAIMS DEADLINE

Please note that the deadline for postmarking or e-mailing your Claim Form is _____ __, 200_.

To be valid your Claim Form must be completely and accurately filled out, signed and dated, and must include all requested information and supporting documentation. If your Claim Form is incomplete, untimely, or contains false information, it may be rejected by the Notice and Claims Administrator. You may obtain further information on the proposed settlement or Claim Form from the ATI HDCP Notice and Claims Administrator at 1-___-___-____.

# EXHIBIT D

**LEGAL NOTICE**

# If you purchased an ATI graphics card, you could be entitled to benefits under a class action settlement.

A proposed settlement of a class action lawsuit may affect you if you purchased an ATI graphics card (that means a card built by or for ATI, not by or for another company such as Asus, Diamond, Gigabyte, Palit, Sapphire, or VisionTek) from one of the following series: Radeon® 9550; Radeon® 9800; Radeon® x700; Radeon® x800; Radeon® x850; Radeon® x1300; Radeon® x1600; Radeon® x1800; Radeon® x1900; All-in-Wonder® 9800; All-in-Wonder® 2006; All-in-Wonder® x600; All-in-Wonder® x800; All-in-Wonder® x1800; All-in-Wonder® x1900; and all FireGL® or FireMV® series of graphics cards. **Please read this entire notice completely as it affects your legal rights**. The Court authorized publication of this notice.

**WHO'S INCLUDED?**

You are a "Class Member" if, while residing in the United States, you purchased for your own personal use and not for resale a graphics card from one of the series listed above. You must have made your purchase during the period from January 1, 2003 to March 31, 2006.

**WHAT'S THIS ABOUT?**

The plaintiffs in the lawsuit claim that ATI advertised or marketed the graphics cards listed above as being "HDCP ready," or otherwise conforming to High-bandwidth Digital Content Protection ("HDCP") specifications for transmission of HDCP content, an attribute they claim the cards did not or could not have possessed. ATI denies the allegations and has asserted many defenses. The Court has not made any findings on this issue and the settlement is not an admission of wrongdoing by any party.

**WHAT DOES THE SETTLEMENT PROVIDE?**

Depending on the number of authorized claims, you may be eligible to receive a new ATI graphics card. If 55,500 or fewer authorized claims are submitted, each authorized claimant will receive one Radeon® 4650 512MB PCI express graphics card for each authorized claim they submit. If greater than 55,500, but less than 71,501, authorized claims are submitted, each authorized claimant will receive one Radeon® 2400 256MB PCI express graphics card for each authorized claim her or she submits. If greater than 71,500 authorized claims are submitted, each authorized claimant will receive a cash payment in the amount of his or her pro rata share of three million dollars ($3,000,000). For example, if the total number of authorized claims is 71,501, each authorized

claimant will receive a check in the amount of forty-one dollars and ninety-five cents ($41.95) for each authorized claim he or she submits.

**WHAT ARE YOUR OPTIONS?**

**Remain in the Class and Submit a Claim** – You may remain in the class and submit a claim. A detailed notice and claim form package contains everything you need to submit a claim. Just call toll free 1-XXX-XXX-XXXX or go to www.aticlassaction.com to obtain a package. Your claim must be postmarked on or before _____, 2009. If you fail to mail your claim form by this date, your claim will be rejected, and you will be deemed to have waived all rights to receive benefits under this settlement.

**Object to the Proposed Settlement** – You may object to all or any portion of the proposed settlement. The Court will hold a hearing on _____, 2009, at __ _.m. to consider (a) the fairness, reasonableness and adequacy of the proposed settlement; (b) the dismissal of case with prejudice as to all defendants and the entry of a final judgment; and (c) whether an award of attorneys' fees, costs and expenses should be made to Class Counsel. You may appear at the hearing, but you don't have to. Any objections to the proposed settlement must be submitted to the Court no later than _____, 2009. The detailed notice explains more fully how to object to the proposed settlement.

**Opt Out from the Class** – If you want to be excluded from the Class and the proposed settlement, you may submit to the Court a request to be excluded postmarked by _____, 2009. If you exclude yourself from the Class, you will not receive any benefits of the settlement.

**Do Nothing** – If you do nothing, you will still be bound by the terms of the proposed settlement and you won't be able to sue the defendants about the legal claims in this case.

**This is only a summary notice.** To obtain a detailed notice containing additional information on the proposed settlement and each of these options, please call toll free 1-XXX-XXX-XXXX or go to www.aticlassaction.com. For more details on the proposed settlement, you may also write to: Scott A. Kamber of KamberEdelson LLC at 11 Broadway, 22d Floor, New York, NY 10004; or, David C. Parisi, Parisi & Havens LLP, 15233 Valleyheart Drive, Sherman Oaks, CA 91403.

# EXHIBIT E

1
2
3
4
5
6
7

8            UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10                 SAN JOSE DIVISION

11

| | |
|---|---|
| IN RE ATI TECH. HDCP LITIGATION | Case No.  5:06-CV-01303-JW |
| | **[PROPOSED] FINAL APPROVAL ORDER AND JUDGMENT** |
| This Document Relates to: | |
| ALL ACTIONS | Hon. James Ware<br>Courtroom 8, 4th Floor |

16
17
18

       This matter having come before the Court for hearing, pursuant to the Order of this Court,

dated _____, 2009 (Docket No. ____), on the application of the Settling Parties for

approval of the settlement set forth in the Settlement Agreement dated as of January 30, 2009

(Docket No. ____) ("Agreement"), and due and adequate notice having been given to the Class as

required in said Order, and the Court having considered all papers filed and proceedings had

herein and otherwise being fully informed in the premises and good cause appearing therefore, IT

IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

26
27
28

[PROPOSED] FINAL APPROVAL ORDER AND
JUDGMENT
5:06-CV-01303-JW

LA\1931354.1

1.      As used in this Final Approval Order and Judgment the capitalized terms not otherwise defined herein have the meanings set forth in the Agreement.

2.      This Court has jurisdiction over the subject matter of the Actions and over all Class Members, and to consider and enter this Final Approval Order and Judgment.

3.      The notice given to the Class of the Settlement and the other matters set forth therein was the best notice practicable under the circumstances, including individual notice to all Class Members who could be identified through reasonable effort.  Said notice provided due and adequate notice of these proceedings and of the matters set forth in the Agreement, including the proposed Settlement, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process.

4.      The Court has been advised of any objections to the Settlement and has given fair consideration to any such objections.

5.      The Settling Parties conducted arm's length negotiations in good faith which resulted in the proposed Settlement reflected in the Agreement.

6.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement as set forth in the Agreement, finds that said Settlement, including the Distribution Plan, is, in all respects, fair, reasonable, and adequate with respect to the Class, and directs that the Settlement, including the Distribution Plan, be consummated in accordance with the terms and conditions set forth in the Agreement.

7.      The Actions are hereby dismissed with prejudice, and without costs (except as set forth in the Agreement), as to all Defendants.

8.      Upon this Judgment becoming Final, the Plaintiffs and each Class Member, on behalf of themselves, their successors and assigns, and any other Person claiming (now or in the future) through or on behalf of them, and regardless of whether any such Plaintiff or Class

2

[PROPOSED] FINAL APPROVAL ORDER AND
JUDGMENT
5:06-CV-01303-JW

LA\1931354.1

Member ever seeks or obtains by any means, including, without limitation, by submitting a Proof of Claim and Release, any distribution from the Net Settlement Fund established pursuant to the Agreement, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Releasees and shall have covenanted not to sue the Releasees with respect to all such Released Claims, and shall be permanently barred and enjoined from instituting, commencing, prosecuting or asserting any such Released Claim against the Releasees.

9.     This Judgment is a final judgment in the Actions as to all claims among Defendants, on the one hand, and the Plaintiffs and all Class Members, on the other.  This Court finds, for purposes of Rule 54(b) of the Federal Rules of Civil Procedure, that there is no just reason for delay and expressly directs entry of judgment as set forth herein.

10.     As provided for in paragraphs 20 and 21 of the Agreement, the Court approves an award from the Settlement Amount of $_____ to pay Class Counsel's attorneys' fees, plus $_____ to reimburse Class Counsel for payment of costs and expenses reasonably incurred in prosecuting and settling the Actions.

11.     Without affecting the finality of this Judgment in any way, this Court hereby retains exclusive jurisdiction over (a) implementation of the Settlement; (b) any award or distribution of the settlement fund established pursuant to the Agreement, including interest earned thereon; and (c) all other proceedings related to the implementation and enforcement of the terms of the Agreement and/or the Settlement.  The time to appeal from this Judgment shall commence upon its entry. Without limiting the generality of the foregoing, any dispute concerning the provisions of this Judgment, including but not limited to any suit, action or proceeding in which the provisions of this Judgment are asserted as a defense in whole or in part to any claim or cause of action asserted by any Class Member or otherwise raised as an objection,

shall constitute a suit, action or proceeding arising out of or relating to this Judgment. Solely for purposes of any such suit, action or proceeding, to the fullest extent possible under applicable law, the Defendants and the Class Members are deemed to have irrevocably waived and to have agreed not to assert, whether by way of motion, as a defense or otherwise, any claim, argument or objection that they are not subject to the jurisdiction of this Court or that this Court is in any way an improper venue or an inconvenient forum.

12.     In the event that this Judgment does not become Final, this Judgment shall be rendered null and void and shall be vacated, *nunc pro tunc*, and the provisions of ¶ 28 of the Agreement shall apply.

13.     Without further order of the Court, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of the Agreement.

**IT IS SO ORDERED:**

Dated: _____, 2009

_____
Hon. James Ware
United States District Court Judge

[PROPOSED] FINAL APPROVAL ORDER AND
JUDGMENT
5:06-CV-01303-JW

LA\1931354.1

# EXHIBIT F

## DISTRIBUTION PLAN

This constitutes the Distribution Plan for the proposed Settlement Agreement in *In re ATI Tech. HDCP Litigation*, No. 5:06-CV-01303-JW, dated as of January 30, 2009. As used in this Distribution Plan, the capitalized terms not otherwise defined herein have the meanings set forth in the Settlement Agreement.

**A.     Class Member Claims and Claims Procedure:**

      **1.     Claims Period:**

The "Claims Period" means the time period during which Class members may submit Claim Forms.  The Claims Period shall begin on the earlier of the date that Class Plaintiffs' Lead Counsel first sends or first publishes notice to Class Members pursuant to paragraphs 4 and 5 of the Settlement Agreement and shall end twenty-one (21) days before the Settlement Hearing, unless extended pursuant to the provisions this Paragraph, in which case such additional time shall also be included in the Claims Period.   The Claims Period shall be extended by an additional ninety (90) days if the total number of Authorized Claims that the Notice and Claims Administrator has received as of twenty-one (21) days before the Settlement Hearing is less than or equal to 55,500.

      **2.   Claims Form and Submission of Claims:**

         a)      During the Claims Period, any Class Member may make a claim, by submitting a Proof of Claim and Release signed under penalty of perjury (hereinafter "Claim Form"), which shall be substantially in the form attached as Exhibit C to the Settlement Agreement (provided, however, that the Notice and Claims Administrator, in consultation and by agreement with Class Plaintiffs' Lead Counsel and Counsel for Defendants, shall have the authority to make reasonable modifications to the Claim Form

to facilitate the processing of claims and to effectuate the terms of this Distribution Plan and the Settlement Agreement).

b)    Class Members submitting Claim Forms must substantially comply with the instructions on the Claim Form, including providing the information and documentation requested therein.  Class Members submitting Claim Forms must also cooperate with the Notice and Claims Administrator and provide any other information that the Notice and Claims Administrator deems necessary or appropriate and in the form or format required by the Notice and Claims Administrator.

**3.  Approval of Claims:**

a)    Each Class Member may submit only one (1) Claim Form for each graphics card listed on Exhibit 1 to the Settlement Agreement that the Class Member purchased during the Class Period.  The Notice and Claims Administrator shall examine each Claim Form submitted by a Class Member within the Claims Period and approve or disapprove the Class Member's claims based upon the information provided, and upon such further information, examination or investigation as the Notice and Claims Administrator deems necessary or appropriate.

b)    If the Notice and Claims Administrator disapproves a claim, the Notice and Claims Administrator shall notify the Person who submitted the Claim Form, in writing, stating the grounds for disapproval, within thirty (30) days of receiving the Claim Form.  This notice shall advise those Persons of the procedures for requesting a review of the determination as provided herein.  With respect to each Claim Form reviewed, the Notice and Claims Administrator shall record, and maintain for inspection, on a list of claim numbers, next to the claim number corresponding to the claim

reviewed, either:   (1) its approval of the Claim Form; or (2) its disapproval of such submission and the reason(s) for the disapproval.

c)    If any Person who submitted a Claim Form disagrees with all or any part of any notice of disapproval, such Person shall notify the Notice and Claims Administrator of his/her disagreement in writing (a "Protest"), within thirty (30) days after receipt of the notice of disapproval and in the manner specified by the Notice and Claims Administrator in the notice, and shall submit such supporting information as the Notice and Claims Administrator may have specified or as the Person believes would support his/her claim.  The Notice and Claims Administrator shall, within ten business (10) days after receipt of such Protest, review any new information or other matter submitted in support of the claim, and shall provide written notice of the Notice and Claims Administrator's decision thereon, and if the decision is a disapproval, shall give the reasons for the disapproval.

d)    Each Person who submits at least one Claim Form that is approved by the Notice and Claims Administrator shall be entitled to a distribution from the Net Settlement Fund and is referred to herein as an "Authorized Claimant."  Claim Forms approved by the Notice and Claims Administrator shall be referred to herein as the "Authorized Claims."

e)    Within seven (7) days after the conclusion of the Claims Period, the Notice and Claims Administrator shall provide a detailed accounting to Class Plaintiffs' Lead Counsel and Counsel for Defendants indicating the number of Authorized Claimants, and the number of Authorized Claims, the number of claims for

which the Notice and Claims Administrator sent notices of disapproval, and the proposed

disposition of the Gross and Net Settlement Funds and all portions thereof.

**B.      Distribution of the Net Settlement Fund:**

The Notice and Claims Administrator shall distribute the Net Settlement Fund as

follows:

1.      If the total number of Authorized Claims is less than or equal to 55,500,

then:

a)      within one-hundred twenty (120) days after the Effective Date,

Defendants shall deliver to the Notice and Claims Administrator, at a mutually agreed

location, one (1) new Radeon® 4650 512MB PCI Express graphics card for each

Authorized Claim; and

b)      within one-hundred fifty (150) days after the Effective Date, the

Notice and Claims Administrator shall send to each Authorized Claimant, by the most

cost-effective means that includes proof of delivery, one (1) new Radeon® 4650 512MB

PCI Express graphics card for each Authorized Claim submitted by that Authorized

Claimant; and

c)      within sixty (60) days after the Effective Date, Defendants shall

deliver checks constituting Cy Pres Payments that total in the aggregate 55,500 less the

number of Authorized Claims, multiplied by Thirty-Five Dollars ($35.00), to the Cy Pres

Recipients referenced in paragraph C below.  For example, if there are 40,000 Authorized

Claims, then the Cy Pres Payments will total in the aggregate 15,500 multiplied by

$35.00, or $542,500.

2.      If the total number of Authorized Claims is greater than 55,500 but less

than or equal to 71,500, then:

a)    within one-hundred twenty (120) days after the Effective Date, Defendants shall deliver to the Notice and Claims Administrator, at a mutually agreed location, one (1) new Radeon® 2400 256MB PCI Express graphics card for each Authorized Claim; and

b)    within one-hundred fifty (150) days after the Effective Date, the Notice and Claims Administrator shall send to each Authorized Claimant, by the most cost-effective means that includes proof of delivery, one (1) new Radeon® 2400 256MB PCI Express graphics card for each Authorized Claim submitted by that Authorized Claimant; and

c)    within sixty (60) days after the Effective Date, Defendants shall deliver checks constituting Cy Pres Payments that total in the aggregate 71,500 less the number of Authorized Claims, multiplied by Twenty-Seven Dollars ($27.00), to the Cy Pres Recipients referenced in paragraph C below.  For example, if there are 60,000 Authorized Claims, then the Cy Pres Payments will total in the aggregate 11,500 multiplied by $27.00, or $310,500.

3.    If the total number of Authorized Claims is greater than 71,500 then within thirty (30) days after the Effective Date, Defendants shall pay by wire transfer the amount of Three-Million Dollars ($3,000,000) to the Escrow Agent pursuant to escrow instructions mutually agreed by Defendants and Plaintiffs, and within sixty (60) days after the Effective Date, the Notice and Claims Administrator shall send to each Authorized Claimant, by the most cost-effective means that includes proof of delivery, a check in the amount of each Authorized Claimant's pro rata share of Three-Million Dollars ($3,000,000), as determined by the number of Authorized Claims.  For example,

if the total number of Authorized Claims is equal to 71,501, then each Authorized Claimant will receive a check in the amount of Forty-One Dollars and Ninety-Five Cents ($41.95) for each Authorized Claim submitted by that Authorized Claimant.

4.      Pursuant to paragraph 18 of the Settlement Agreement, funds representing any checks issued to Authorized Claimants that are not cashed as of the date required by the Notice and Claims Administrator ("stale date"), and any other funds remaining in the Net Settlement Fund after the distributions to Authorized Claimants described above, shall be distributed to the Cy Pres Recipients referenced in paragraph C below.  The stale date for any checks issued to Authorized Claimants shall not be less than forty-five (45) days after the date the check is sent to the Authorized Claimant.

**C.      Cy Pres Recipients:**

To the extent permitted or required by paragraph B above, the Notice and Claims Administrator shall deliver checks constituting Cy Pres Payments to the Cy Pres Recipients mutually agreed to by the Defendants and Plaintiffs in the proportions agreed to by the Defendants and Plaintiffs.